**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DASSAULT SYSTÈMES, S.A. | § | |
| A CORPORATION OF FRANCE | § | |
| | § | |
| Plaintiff, | § | Case No. |
| | § | Hon. |
| v. | § | |
| | § | |
| KEITH CHILDRESS | § | |
| d/b/a PRACTICAL CATIA | § | |
| A MICHIGAN RESIDENT | § | |
| | § | |
| Defendants. | § | |
| | § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Dassault Systèmes, S.A., by and through its attorneys, RADER, FISHMAN &
GRAUER, PLLC, for its complaint against Defendants states as follows:

**PARTIES**

1.      Plaintiff, Dassault Systèmes, S.A. **("Dassault")**, is a Corporation of France
having a place of business at 10, rue Marcel Dassault, 78 140 Vélizy – Villacoublay, FRANCE.

2.      Upon information and belief, Defendants, Keith Childress ("Childress"), an
individual, and his company d/b/a Practical Catia (hereinafter collectively "Defendants"), have a
principal address located at 2234 Elm Street, Algonac, Michigan  48001-1115.

**JURISDICTION AND VENUE**

3.      Plaintiff  incorporates herein by reference the allegations of Paragraphs 1 through
2 as though fully set forth herein.

4.      This action is for copyright infringement in violation of the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101 *et seq.*, for violation of the Lanham Act, 15 U.S.C. § 1114, for violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and for violation of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq.

5.      Jurisdiction is also proper and based on 28 U.S.C. § 1331 as a federal question is at issue and under 28 U.S.C. § 1332 as the parties are citizens of and principally located in separate countries and the amount in controversy exceeds seventy-five thousand dollars.  This court has jurisdiction over the M.C.L.A. claim under 28 U.S.C. § 1367.

6.      Venue is proper under 28 U.S.C. § 1391 (a) and § 1400 in that the Defendants are residents of the State of Michigan and under § 1391 (b)(2), in that a substantial part of the events given rise to Plaintiff's claims occurred, or a substantial part of property that is the subject of the action is situated, in this district.

## BACKGROUND

7.      Plaintiff restates and incorporates herein by reference the allegations of Paragraphs 1 through 6 as though fully set forth herein.

8.      Established in 1981, Dassault is a French company which develops technical and system software solutions.  Dassault created at that time a commercial computer program called CATIA® (Computer Aided Three Dimensional Interactive Application) that is a multi-platform CAD/CAM/CAE software.  Plaintiff's CATIA® software is the cornerstone of the Dassault product lifecycle management software suite and has been the main 3d CAD tool used by major industrial manufacturers such as The Boeing Company, General Dynamics, Daimler Chrysler, Renault, Volkswagen, and others. Dassault markets the CATIA® software directly and through various resellers.  CATIA® software is the most powerful and widely used CAD (computer aided design) software of its kind in the world.

9.      On December 21, 1981, Dassault filed a trademark application with the U.S. Trademark Office, for their mark CATIA for Computers and Peripheral Devices for the goods "*Computers-Namely, Viewers, Readers, Receivers, Transmitters, and Printers; Computer Programs Recorded on Punch Cards, Magnetic Discs, Tapes and Cassettes; Computer Programs Recorded on Magnetic Discs, Tapes and Cassettes, for Computerized Industrial Conception, Development and Manufacture of Products; Keyboards With or Without Reading Screen*" in class 009; "*Manuals for Use in the Installation and Servicing of Computers*" in class 016; and "*Custom Programming Services-Namely, Computer Programming to the Order and Specification of Others, Rental of Computer Programs Recorded on Magnetic Discs, Tapes and Cassettes*" in class 042.

10.     On April 17, 1984, the U.S. Trademark Office registered the CATIA mark to Plaintiff under U.S. Reg. No. 1,274,136.  **See Exhibit A**.

11.     On February 16, 2003, Defendant Childress applied for a trademark registration in the name PRACTICAL CATIA TRAINING, in class 41 for "*computer software training using Catia version 4 and Catia version 5 Computer Aided Design (CAD) software*," claiming that Defendant had been using the mark since 1997.

12.     On August 15, 2003, the U.S. Trademark Examiner issued an Office Action refusal, citing Plaintiff's CATIA® registration and that Defendant's mark was "highly similar" and created a "similar commercial impression."  The Examiner also cited the following:

> "the applicant is offering training in the use of registrant's CATIA computer products.  As such, consumers who are familiar with the registrant's mark and goods and services are likely to mistakenly believe that the registrant has expanded its service line and now offer training in the use of CATIA computer products.  Therefore, one must conclude that purchasers familiar with the registrant's mark "CATIA" for computer goods and services, upon encountering the applicant's mark "PRACTICAL CATIA TRAINING" for

3

closely related services are likely to mistakenly believe that the goods and/or services emanate from a common source."

13.     Additionally, in the August 15, 2003, U.S. Trademark Office Action, the Examiner also advised that since CATIA® is a registered trademark that "The applicant may not use registered marks in the recitation of services."  The Examiner suggested that the Defendants amend the recitation as "Computer software training in the use and operation of computer aided design software developed by others."  **See Exhibit B**.

14.     On March 31, 2004, the U.S. Trademark Office officially abandoned Defendant's trademark application, citing "Failure to Respond or Late Response."  To date, Defendants continue to use the mark PRACTICAL CATIA in their advertisements and on their web site in connection with the offering of training services for 3D CAD systems.

15.     On November 21, 2003, Dassault registered CATIA® Version 5, Release 12 at the United States Copyright Office under Registration No. TX 5-856-769 ("'769 Registration").  Plaintiff is the sole owner of said registration and has been and is the owner of all right, title and interest in the '769 Registration.  **See Exhibit C**.

16.     At various times, Dassault has upgraded and continues to customize its CATIA® software and has developed CATIA®, Version 5 Release 14.  A United States Copyright registration is being processed.     On information and belief, Defendant Keith Childress operates a business under the name Practical Catia, and conducts training courses using bootlegged copies of Plaintiff's CATIA® software.

17.     In 2003, Defendant Keith Childress, purchased one license for CATIA® Version 5, Release 12.  On information and belief, Defendant Childress and his company were able to

4

crack and clone the Target IDs on the license and clone the software on twenty machines in order to train students on the software.

18.     On October 30, 2006, Defendant Childress and his company Practical Catia were raided by the Federal Bureau of Investigation.  The Federal Bureau of Investigation confiscated 20 computers with the cloned software which are reproductions of, or derivations of, Plaintiff's CATIA® software.  The raid took place at Defendants' office which continues to be located in Algonac, Michigan.

19.     Following the raid in Defendants' office, the FBI discovered that computers that were confiscated at Defendants' office had installed thereon Plaintiff's CATIA® Version 5, Release 14 software.  Each computer had the same license information and Target ID for the one license Defendants had purchased.  The same Target ID on each of the machines indicates that the software was cloned and is a bootlegged copy.

20.     To date, Defendants continue to utilize reproductions of, or derivations of, Plaintiff's CATIA® software for training others on how to use Plaintiff's software, all without the permission of Plaintiff.

21.     On or about April 2007, Defendants requested a license to use the CATIA® software on multiple machines.  The request was denied because of the FBI's investigation of Defendant's illegal usage of Plaintiff's software.

22.     On information and belief, Defendant Childress is still conducting training sessions using illegal copies of Plaintiff's CATIA® software and has subsequently offered online training, again using bootlegged copies of Plaintiff's software.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §501)

24.     Plaintiff restates and incorporates herein by reference the allegations of Paragraphs 1 through 23 as though fully set forth herein.

25.     Count I is an action by Plaintiff against Defendants alleging Federal Copyright Infringement of Plaintiff's United States Copyright Registration Nos. TX 5-856-769 entitled, "CATIA VERSION 5 RELEASE 12" and Plaintiff's pending Copyright application on "CATIA VERSION 5 RELEASE 14" in violation of 17 U.S.C. §501.

26.     Plaintiff's copyrighted CATIA VERSION 5 RELEASES 12 and 14 contain original material that is copyrightable subject matter under the Copyright Laws of the United States.

27.     Upon information and belief, Defendants have reproduced, cloned, prepared derivative works, distributed copies of, and promoted, illegal and unauthorized copies of Plaintiff's copyrighted CATIA® software and, thus, have infringed Plaintiff's copyrights.

28.     Defendants had access to Plaintiff's copyrighted CATIA® software and have provided access to same to others without purchasing and/or licensing legitimate copies from Plaintiff.

29.     Defendants have directly infringed Copyright Registration TX 5-856-769, and derivations thereof, and will continue to do so in this judicial district and elsewhere throughout the United States to the irreparable damage of Plaintiff unless enjoined by this Court.

30.     Upon information and belief, Defendants have induced and contributorily infringed Plaintiff's Copyright Registration TX 5-856-769, and derivations thereof, and will continue to do so in this judicial district and elsewhere throughout the United States to the irreparable damage of Plaintiff unless enjoined by this Court.   Defendants' actions have caused others to directly infringe Plaintiff's copyrights.

31.     On information and belief, the actions by Defendants have been willful.

## COUNT II
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125)

32.     Plaintiff restates and incorporates herein by reference the allegations of Paragraphs 1 through 31 as though fully set forth herein.

33.     Defendants are liable to Dassault for federal unfair competition under 15 U.S.C. §1125(a).

34.     Defendants in connection with their services of training consumers on how to use Plaintiff's copyrighted CATIA® software, have given false or misleading descriptions of fact, or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by Defendants or Plaintiff.

35.     Defendants have falsely represented to consumers that they provide CAD training services using legitimate copies of Plaintiff's CATIA® software, when in fact, Defendants are using illegal copies of Plaintiff's CATIA® software.

36.     Defendants' illegal use of unlicensed software constitutes a false and misleading representation of fact which is likely to cause confusion or mistake, and deceive the relevant public as to the origin, affiliation, association or sponsorship of Defendants' training and classes.

37.     Defendants in connection with their services of training consumers on how to use Plaintiff's copyrighted CATIA® software, have used in advertising the trade name PRATICAL CATIA, which is likely to cause confusion, or to cause mistake, or to deceive as to the

affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by Defendants or Plaintiff.

38.    Defendant Childress' actions were taken with knowledge of Plaintiff's rights under 15 U.S.C. § 1125(a) and are willful.

39.    Upon information and belief, Defendant's activities are in direct contravention of Plaintiff's rights, making this an exceptional case as to warrant an award of attorney's fees under 15 U.S.C. §1117(a).

**COUNT III**

**INFRINGEMENT OF TRADEMARK**
**SECTION 32 OF THE LANHAM ACT, 15 U.S.C. §1114**

40.    Plaintiff restates and incorporates herein by reference the allegations of Paragraphs 1 through 39 as though fully set forth herein.

41.    Defendants are willfully infringing Plaintiff's registered trademark CATIA by the unauthorized use in Defendants' advertising of training services wherein the words PRACTICAL CATIA and CATIA are displayed.

42.    Defendants' conduct is likely to cause confusion, mistake or deceive consumers and the general public into believing that Plaintiff sponsors, associates, authorizes, or licensed Defendants and that Defendants are an educational partner with Plaintiff.

43.    Plaintiff has been and will continue to be irreparably harmed unless Defendants are preliminarily and permanently enjoined from all uses of the infringing marks.  Plaintiff has no adequate remedy at law.

44.    In light of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendants from infringing Plaintiff's registered trademark, and to recover

from the Defendants all damages that Plaintiff has and will sustain, and all gains, profits and advantages obtained by the Defendants as a result of their infringing acts alleged above in an amount not yet known, and the cost of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiff's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

45.     As this is an exceptional case given Defendants' willful acts, pursuant to U.S.C. § 1117(a), Plaintiff is further entitled to three times the amount of the above profits or damages, whichever is greater, and its attorney fees.  Alternatively, Plaintiff may elect to seek enhanced statutory damages pursuant to U.S.C. § 1117(c).

## COUNT IV

### VIOLATION OF M.C.L.A. § 445.901
### MICHIGAN CONSUMER PROTECTION ACT

46.     Plaintiff restates and incorporates herein by reference the allegations of Paragraphs 1 through 45 as though fully set forth herein.

47.     This is a civil action arising under Michigan Consumer Protection Act, M.C.L.A. § 445.903 and for damages, the costs of suit and reasonable attorney's fees pursuant to Section 445.911 of the Michigan Consumer Protection Act.

48.     Upon information and belief, Defendants have engaged in certain unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce. Defendants have misappropriated Plaintiff's above mentioned registered copyrights and trademark, have intended to capitalize for Defendants' own pecuniary gain on the goodwill and stellar reputation of Plaintiff for which Plaintiff has expended substantial time, resources and effort to obtain.

49.     Defendants have caused a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods or services and/or Plaintiff's goods and services.

50.     Defendants have failed to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

51.      Defendants have violated the Michigan Consumer Protection Act, and should be enjoined from all future violations of the Act.

52.     Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful and willful actions unless Defendants are preliminarily and permanently enjoined from the unlawful conduct.

53.     Plaintiff has been damaged by Defendants' afore-mentioned acts in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Dassault requests entry of a judgment against Defendants granting relief as follows:

a.      Defendants be held to have infringed Plaintiff's copyrights and trademark and have violated 15 U.S.C. §§ 1114 and 1125(a), and it further be held that such conduct was willful.

b.      Defendants be enjoined during the pendency of this action and permanently from infringing Plaintiff's copyrights and trademark, and from marketing, using, and/or training using Plaintiff's CATIA® software.

c.      Defendants be required to pay actual damages plus reasonable attorney's fees pursuant to M.C.L.A.  §445.911.

d.      Defendants be required to pay to Plaintiff actual damages and any profits of the Defendants, statutory damages of $150,000 per act of infringement, costs of this action along with attorney's fees as is permitted under 17 U.S.C. § 504 and 505.

e.      Defendants be required to relinquish all of its profits, any damages sustained by the Plaintiff, and the costs of this action, trebling of damages, reasonable attorney's fees, and prejudgment interest as is permitted under 15 U.S.C. § 1117.

f.      Defendants be required to deliver to be impounded during the pendency of this action all copies of the CATIA® software, and all machines operating with Plaintiff's software, and all labels, signs, prints, packages, wrappers, receptacles and advertisements that bear the mark CATIA or any colorable imitation thereof, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

g.        Any other such relief as this Court deems appropriate.


                                    Respectfully submitted,



                                    By:  /s/*Douglas P. LaLone*_____
                                    GLENN E. FORBIS (P52119)
                                    DOUGLAS P. LALONE (P45741)
                                    RADER, FISHMAN & GRAUER, PLLC
                                    39533 Woodward Ave., Suite 140
                                    Bloomfield Hills, Michigan  48304
                                    Phone: (248) 594-0600
                                    Fax:     (248) 594-0610
                                    **gef@raderfishman.com**
                                    **dpl@raderfishman.com**
                                    *Attorneys for the Plaintiff*



R0591401