## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DASSAULT SYSTEMES, S.A.,

      Plaintiff,

                                      Case No. 09-10534

v.                                   Hon. Lawrence P. Zatkoff

KEITH CHILDRESS
d/b/a PRACTICAL CATIA TRAINING,

      Defendant.

_____/

### OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 22, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's motion for a more definite statement, stay of proceedings, and request for evidentiary hearing [dkt 7]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

### II. BACKGROUND

Plaintiff, a French corporation, is the developer of a computer software design program known as CATIA. Plaintiff has held a registered trademark, U.S. Reg. No. 1,274,136, on its CATIA software since 1984. *See* Compl. Ex. A. Plaintiff also holds a registered copyright on CATIA

Version 5, Release 12 ("Release 12"), Registration No. 5-856-769, and has a pending copyright registration for its most recent release, CATIA Version 5, Release 14 ("Release 14").  *See* Compl. Ex. C; ¶16.

Defendant, appearing *pro se*, is a design engineer.  Defendant, along with some familial assistance, operates a business under the name of Practical CATIA Training.  Practical CATIA Training provides its customers instruction in the use of CATIA software.

CATIA software requires a license and Target ID in order to execute the program on a computer.  Plaintiff alleges that Defendant purchased one license for Release 12 and was assigned a corresponding Target ID.  Plaintiff further claims that Defendant cloned the software and Target IDs onto 20 computers, which Defendant used to operate his business.  Plaintiff maintains that these actions infringe its copyright and trademark rights and violate the Michigan Consumer Protection Act, Mich. Comp. Laws. § 445.901.  Defendant responded to the complaint with the current motion.

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(e) allows a party to request a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  Generally, the rule is read in conjunction with the requirement of Fed. R. Civ. P. 8(a)(2) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(e) is not designed to "'provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery.'"  *MK Strategies, LCC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (quoting *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142-43 (D. Del. 1960)); *see also Compuware Corp. v. Inter. Bus. Machs.*, 259 F. Supp. 2d 597, 600 (E.D. Mich. 2002).  Accordingly, such motions are disfavored and are rarely granted.  *See Fed. Ins.*

2

*Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007).

The Court has a duty to construe *pro se* pleadings liberally, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 (2007), but in doing so, it will not re-write a deficient filing or otherwise serve as counsel for that party. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## IV. ANALYSIS

### A. GRAND JURY DISCLOSURES

Defendant alleges that Plaintiff is in possession of secret grand jury information and has included such information in its complaint. Defendant maintains that he has "strong evidence" of such activity and is willing to present this evidence to the Court at an evidentiary hearing; however, Defendant does not allude to the substance of this evidence. Defendant contends that he is unable to properly respond to Plaintiff's allegations without breaching the secrecy of the grand jury himself. Plaintiff disputes that it is privy to any secret grand jury information.

"The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Maintaining grand jury secrecy is "as important for the protection of the innocent as for the pursuit of the guilty." *United States v. Johnson*, 319 U.S. 503, 513 (1943). Although the Sixth Circuit has not expressly adopted the following standard, several circuits have held that a *prima facie* case of improper disclosure is made upon a showing that: "(1) information was knowingly disclosed about 'matters occurring before the grand jury'; and (2) the source of the information is a person subject to Rule 6(e)." *Finn v. Schiller*, 72 F.3d 1182, 1189 n.7 (4th Cir. 1996); *see also United States v. Rioux*, 97 F.3d 648, 662 (2d Cir. 1996); *Blalock v. United States*, 844 F.2d 1546, 1551 (11th Cir. 1988); *Matter*

*of Grand Jury Investigation*, 748 F. Supp. 1188, 1207 (E.D. Mich. 1990) (applying substantially same standard in case involving grand jury leaks to media).

Grand jury proceedings are governed by Fed. R. Crim. P. 6.  Fed. R. Crim. P. 6(e) provides in pertinent part that:

> (2)(A) No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).
>
> (B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:
> (i) a grand juror;
> (ii) an interpreter;
> (iii) a court reporter;
> (iv) an operator of a recording device;
> (v) a person who transcribes recorded testimony;
> (vi) an attorney for the government; or
> (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).[1]

A "matter occurring before the grand jury" is one that "reveals the nature, scope, or direction of the grand jury inquiry."  *In re Grand Jury Proceedings*, 851 F.2d 860, 867 (6th Cir. 1988); *see also Blalock*, 844 F.2d at 1551 ("Rule 6(e)(2) protects only information revealing what has occurred, or will occur, inside the grand jury room.").

Defendant objects to the allegations in Plaintiff's complaint that pertain to an investigation and raid of Defendant's business by the Federal Bureau of Investigation (FBI).  Actions taken by the FBI, "although perhaps developed with an eye for ultimate use in a grand jury proceeding," are not necessarily implicated by Rule 6(e).  *In re Grand Jury Matter*, 682 F.2d 61, 64 (3d Cir. 1982).

---

[1]The persons implicated by this subsection are "any government personnel—including those of a state, state subdivision, Indian tribe, or foreign government—that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or a person authorized by 18 U.S.C. § 3322." Fed. R. Crim. P. 6(e)(3)(A)(ii)-(iii). Section 3322 deals specifically with certain banking law violations.

Such investigations may be protected, but Defendant has not presented any evidence that the allegedly disclosed information was "obtained by the grand jury through coercive means" rather than as a result of an independent police investigation.  *In re Grand Jury Proceedings*, 851 F.2d at 866; *see also In re Grand Jury Matter*, 682 F.2d at 64; *Comis Ins. Soc., Inc. v. South-Coast Banks*, 610 F. Supp. 193, 198-99 (N.D. Ind. 1985).  Defendant suggests that the FBI's actions were "pursuant to a grand jury investigation," but does not indicate that they were a result of the grand jury's subpoena or other coercive powers.  The Court remains similarly unconvinced that the proffered evidence of an FBI raid constitutes a "matter before a grand jury" as it reveals nothing about the inner workings of the grand jury.

The *prima facie* case of improper disclosure also requires that the source be subject to Rule 6(e) as "[n]o obligation of secrecy can be imposed on any person except those listed in the Rule []." 1 Charles Alan Wright and Andrew D. Leipold, *Federal Practice and Procedure*, § 106 pp. 362-63 (4th ed. 2008).  Defendant has not identified an actor subject to Rule 6(e) that he believes is responsible for any disclosure.  It is not apparent how Plaintiff is constrained by Rule 6(e)[2]; and, despite Defendant's fears of violating Rule 6(e) himself, it is not clear how Defendant would be subject to the Rule.

In any event, Defendant's allegations lean more toward the hypothetical than the concrete. The following statements suggest that Defendant is unsure whether such information has actually been disclosed to, or utilized by, Plaintiff:

> [B]ut granting the Defendant's motion *may potentially expose*

---

[2]Defendant also suggests that criminal liability could attach to Plaintiff for its actions; however, the decision to initiate criminal proceedings rests with the government and not with this Court.

> unlawful activities with regard to the Federal Grand Jury secrecy. (emphasis added)

> If the Plaintiff "does not have access to any secret Grand Jury information" as they state in their response, and have not used information obtained in violation of Rule 6(e) as the basis of their complaint, then they should be willing to come forward and reveal the factual basis of their claim, thus putting any allegations of impropriety to rest.

Def's Br. p.2; Def's Reply Br. p.5.

Defendant's allegations do not identify a party subject to Rule 6(e), do not convince the Court that matters before a grand jury were disclosed, and are generally conjectural. Defendant has also failed to adequately rebut Plaintiff's statement that it is not privy to secret grand jury information. Defendant has not stated a *prima facie* case of disclosure; therefore, these allegations do not support the issuance of a stay nor do they require an evidentiary hearing.

## B. Motion for More Definite Statement

Defendant also requests pursuant to Fed. R. Civ. P. 12(e) that the Court order Plaintiff to produce a more definite statement of its claims. Plaintiff insists that its pleadings comply with Fed. R. Civ. P. 8(a) and are otherwise sufficient. An example of Plaintiff's allegedly deficient pleadings and Defendant's objections thereto is as follows:

> Paragraph 30 states, "*Defendants have induced and contributorily infringed Plaintiff's Copyright Registration TX 5-856-769, and derivations thereof, and will continue to do so in this judicial district and elsewhere throughout the United States to the irreparable damage of Plaintiff unless enjoined by this Court. Defendants' action have caused others to directly infringe Plaintiff's copyrights*".

> a) On what grounds does the Plaintiff base these allegations?
> b) Who, specifically, has the Defendant allegedly "*induced*" to "*infringe Plaintiff's copyright*"?
> c) What specific infringement has the Defendant allegedly

6

contributed to?
d) Who has "*directly infringed the Plaintiff's copyright*" as a
result of the Defendant's alleged actions?

Pl.'s Br. p.5.  Defendant attacks a total of eighteen paragraphs from the complaint in a similar
fashion.

The Court finds that Plaintiff's complaint as filed adequately puts forth a short and plain
statement of the claim that allows Defendant to reasonably respond.  *See* Fed. R. Civ. P. 8(a)(2).
The complaint alerts Defendant to the specific trademarks and copyrights at issue and indicates the
allegedly infringing conduct.  This is all that the pleading rules require of Plaintiff at this early stage
of the litigation.  Defendant has available all of the tools of discovery, including interrogatories,
document production, and depositions, to research and probe Plaintiff's allegations.  Therefore, the
Court denies Defendant's motion for a more definite statement.

## V. CONCLUSION

Accordingly, and for the above reasons, it is HEREBY ORDERED that Defendant's motion
[dkt 7] and all relief requested therein is DENIED.

IT IS FURTHER ORDERED that Defendant file an answer to Plaintiff's complaint within
30 days of the entry of this order.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff                          
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 22, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290