UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, S.A.,

    Plaintiff,

                                  Case No. 09-10534
v.                                    Hon. Lawrence P. Zatkoff

KEITH CHILDRESS
d/b/a PRACTICAL CATIA TRAINING,

    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant's emergency motion for reconsideration [dkt 46], in which Defendant requests that the Court reconsider its December 7, 2009, opinion and order granting Plaintiff's motion for default judgment. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted.

Local Rule 7.1(g) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Defendant maintains that the Court has been misled by a palpable defect insomuch that Plaintiff's complaint contains many inaccuracies, the resolution of which will result in a different disposition of the case. In its December 7, 2009, opinion and order, the Court granted Plaintiff's

motion for default judgment due to Defendant's disobedience of the Court's May 22, 2009, order requiring Defendant to answer the complaint. Defendant cannot now attempt to defend the case on the merits via a motion for reconsideration. Moreover, these arguments do not identify a palpable defect in the Court's December 7, 2009, opinion and order, because the Court did not discuss the merits of the complaint in that order.

Defendant also reiterates his arguments that Plaintiff has violated Fed. R. Crim. P. 6(e)(2) by using and/or disseminating secret grand jury information. Again, the Court's December 7, 2009, opinion and order did not address this subject matter. To the extent that Defendant challenges the Court's past orders regarding grand-jury secrecy, the motion is untimely. *See* E.D Mich. L.R. 7.1(g)(1) (motions for reconsideration must be filed within 10 days after the entry of the order).

To the extent that Defendant contends that he did not purposefully violate the Court's May 22, 2009, order to respond to the complaint, and that his actions were taken in good faith, the Court finds that such arguments mirror those that Defendant provided in response to the Court's October 27, 2009, order to show cause. As the Court considered the show-cause response in its December 7, 2009, opinion and order, the arguments have been ruled upon "either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3).

Finally, Defendant has filed a motion for an extension of time to respond to Plaintiff's calculation of damages and proposed injunction [dkt 47]. Defendant was ordered to respond within 10 days after Plaintiff filed that document. Defendant asserts that a 10-day time period is insufficient, due to the length of Plaintiff's document, Defendant's *pro se* status, the holiday season, and Defendant's employment obligations. Defendant requests a 30-day extension to prepare his response. Defendant represents that Plaintiff agreed to an extension but did not agree to a time

period.

The Court will permit an extension of time, but it concludes that a 30-day extension is excessive. Therefore, the Court GRANTS Defendant a 10-day extension, from the date this order is entered, to file his response to Plaintiff's brief. Defendant is admonished that no further extensions will be granted. Furthermore, if Defendant does not timely file his response, the Court will grant Plaintiff its requested relief and damages in full.

Accordingly, IT IS HEREBY ORDERED that Defendant's emergency motion for reconsideration [dkt 46] is DENIED;

IT IS FURTHER ORDERED that Defendant's motion for extension of time [dkt 47] is GRANTED insofar as Defendant is granted a 10-day extension in which to file his response brief.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: January 15, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 15, 2010.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290