# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DASSAULT SYSTEMES, S.A.,

    Plaintiff,

v.

Case No. 09-10534
Hon. Lawrence P. Zatkoff

KEITH CHILDRESS
d/b/a PRACTICAL CATIA TRAINING,

    Defendant.

_____/

## ORDER (1) DENYING DEFENDANT'S EX PARTE EMERGENCY MOTION FOR STAY AND (2) GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

On July 20, 2010, the Court entered an opinion and order denying Defendant's motion to set aside the default. On the same day, the Court also entered an order of judgment and a permanent injunction.

On August 2, 2010, Defendant filed what he titled an "ex parte emergency motion for stay pending appeal" [dkt 71]. Defendant asks the Court to stay its orders pending his appeal so that he may continue to operate his business, which he represents provides his only source of income.

The Court considers the following four factors when determining whether a stay is appropriate:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The above factors do not warrant a stay in this matter. First, Defendant has made no showing

that he is likely to succeed on the merits; the only showing Defendant has made in this matter is that he is either incapable or unwilling to follow this Court's orders and the federal and local rules of practice.[1]  Second, despite Defendant's representations that the order and injunction will irreparably harm his business and financial situation, the order and injunction only prevent Defendant from infringing on Plaintiff's trademarks and copyrights; he is free to conduct his business in a legal, non-infringing manner.  Third, Plaintiff has, and will continue to, suffer substantial injuries by having its copyrights and trademarks infringed.  Finally, the public interest is served by protecting intellectual-property rights and enforcing federal copyright and trademark law.  For these reasons, Defendant's motion to stay pending appeal [dkt 71] is DENIED.

Defendant has also filed a motion and application to proceed in forma pauperis on appeal.  The Court has reviewed Defendant's motion and application and finds that it is facially sufficient.  Therefore, Defendant's motion for leave to proceed in forma pauperis on appeal [dkt 67] is GRANTED.

---

[1]Defendant's changing proffered defenses further undermine a finding that Defendant has any likelihood of success.  For example, while explaining his defenses in his motion to set aside, Defendant admitted that "[t]he reason we installed our single (purchased) license on *each of our training computers* was as a workaround to a known technical problem . . . ."  Def.'s Mot. to Set Aside Default at p.5 (emphasis added).  Now, in the current motion, Defendant inexplicably contends that "[w]e offer training in Plaintiff's CATIA software and train no more than two students at a time on a <u>single</u> computer running the <u>legally licensed</u> CATIA software . . . ."  Def.'s Mot. to Stay at p.3 (emphasis in original).  Such contradictory material statements further compel a finding that Defendant has no meritorious defenses or any likelihood of successes in this matter.

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 3, 2010.

                                        S/Marie E. Verlinde
                                          Case Manager
                                        (810) 984-3290