UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, S.A.,

    Plaintiff,

v.

Case No. 09-10534
Hon. Lawrence P. Zatkoff

KEITH CHILDRESS
d/b/a PRACTICAL CATIA TRAINING,

    Defendant.
                                 /

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 22, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Entry of Modified Protective Order [dkt 89]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion for Entry of Modified Protective Order is DENIED.

### II. BACKGROUND

This Court has set forth the background of this case in its previous opinion and orders. As the Court stated:

> Plaintiff, a French corporation, is the developer of a computer software design program known as CATIA. Plaintiff has held a

>registered trademark, U.S. Reg. No. 1,274,136, on its CATIA software since 1984. *See* Compl. Ex. A. Plaintiff also holds a registered copyright on CATIA Version 5, Release 12 ("Release 12"), Registration No. 5-856-769, and has a pending copyright registration for its most recent release, CATIA Version 5, Release 14 ("Release 14"). *See* Compl. Ex. C; ¶16.
>
>Defendant, appearing *pro se*, is a design engineer. Defendant, along with some familial assistance, operates a business under the name of Practical CATIA Training. Practical CATIA Training provides its customers instruction in the use of CATIA software.
>
>CATIA software requires a license and Target ID in order to execute the program on a computer. Plaintiff alleges that Defendant purchased one license for Release 12 and was assigned a corresponding Target ID. Plaintiff further contends that Defendant cloned the software and Target IDs onto 20 computers, which Defendant used to operate his business. Plaintiff maintains that these actions infringe its copyright and trademark rights and violate the Michigan Consumer Protection Act, Mich. Comp. Laws. § 445.901.

Dkt 28 at 2. In May 2009, Plaintiff filed a motion seeking leave to serve a subpoena on the FBI to gain access to computers and documents seized from Defendant's school on behalf of the grand jury. On October of 2009, the Court granted Plaintiff's motion. Following the Court's opinion and order, Plaintiff served a subpoena on the attorney for the Department of Justice who is representing the FBI in this matter. The subpoena requests "[a]ll computers, materials and documents that were seized at Keith Childress' business, Practical Catia." Dkt 90 at Ex. 1.

On August 2, 2010, Defendant appealed an opinion and order of the Court to the Sixth Circuit Court of Appeals. On December 13, 2011, the Sixth Circuit Court of Appeals remanded the case to the Court to proceed consistent with the Sixth Circuit's opinion. After the remand, Defendant filed the instant motion for entry of a modified protective order on February 17, 2012. Defendant seeks to limit Plaintiff's subpoena served on the FBI with the following protective order:

> At Dassault's expense, a mutually agreed upon independent computer technician will be allowed to start each computer and inspect the computer's contents to determine if Dassault's CATIA software is installed thereon. If the technician finds that the CATIA software is installed on a given computer, the technician will then verify the release level of the CATIA software and the licensing information. This will be done in the presence of Dassault's counsel and me. The independent computer technician will then provide an affidavit to the court based on its findings. Furthermore, neither the FBI nor the Department of Justice will disclose any information pertaining to the grand jury investigation, including notes, reports, etc. Nor shall the FBI and/or Deportment of Justice disclose any information and/or materials provided in response to the grand jury subpoenas.

### III. ANALYSIS

Defendant claims a modified protective order should be entered regarding Plaintiff's subpoena on the FBI to procure computers and documents seized from Defendant because the subpoena is not "structured to cover only material so needed" and thus, fails to meet the "particularized need" criteria that is necessary for *disclosure of grand jury materials* for civil litigation under Fed. R. Crim. P. 6(e).

In response, Plaintiff presents the following reasons why Defendant's motion should be denied: (i) the Court has already resolved this issue in its October 27, 2009, order; (ii) the Sixth Circuit did not find that the Court abused its discretion when resolving the issue; and (iii) the Court has already placed restrictions on the disclosure of the computers and materials that the FBI has in its possession. As an additional request, Plaintiff asks that the Court require Defendant to ask leave of the Court before he is permitted to file any motions in the future. Plaintiff claims this will diminish Defendant's excessive motion practice.

After reviewing and considering the parties' briefs, the Court agrees with Plaintiff. First, in its October 27, 2009, opinion and order granting leave for Plaintiff to serve the subpoena on the FBI,

the Court found that non-disclosure of grand jury materials under Fed. R. Crim. P. 6(e) did not apply. In discussing the evidence requested by Plaintiff, the Court stated:

> The Court agrees that the seized evidence is otherwise available through civil discovery. Defendant's business records are undoubtedly discoverable evidence. *See, e.g.*, *In re Grand Jury Proceedings*, 196 F.R.D. at 64 (holding that presumption of grand jury secrecy was rebutted because business records were otherwise available through discovery). Furthermore, inspection of a computer's contents is frequently permitted in cases involving copyright infringement of computer files or programs. *See, e.g.*, *Capitol Records, Inc. v. Alaujan*, Nos. 03CV11661-NG, 07cv11446-NG, 2009 WL 1292977, at *2 (D. Mass. May 6, 2009) (ordering inspection of computer that had a "sufficiently close" connection to the alleged copyright violation); *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 516 (E.D. Mich. 2008) (noting that magistrate judge had granted motion to compel production of computers in music copyright case); *Xpel Techs. Corp. v. Amer. Filter Film Distribs.*, No. SA-08-CV-0175, 2008 WL 744837, at *1 (W.D. Tex. Mar. 17, 2008) (granting order for expedited computer forensic imaging in copyright case). Finally, the Court cannot conceive how allowing Plaintiff access to this evidence would reveal anything about the nature, direction, or scope of the grand jury's inquiry.
>
> *Therefore, Plaintiff has overcome the presumption of non-disclosure, and the evidence at issue is not protected by Fed. R. Civ. P. 6(e)(2).* *See In re Grand Jury Subpoenas*, 454 F.3d 511, 522 (6th Cir. 2006) (noting that the "discovery exception to grand jury secrecy has been interpreted somewhat broadly"). To hold otherwise would allow Defendant to use the shield of Fed. R. Crim. P. 6(e)(2) as a sword to prevent Plaintiff from obtaining evidence that would be discoverable but for the grand jury proceedings.

Dkt 28 at 5–6 (emphasis added). As such, the Court has already determined that Plaintiff has overcome the presumption of non-disclosure, and the computers and documents held by the FBI are not protected by Fed. R. Crim. P. 6(e)(2) as Defendant maintains. *Id.*

Moreover, while this case was on appeal before the Sixth Circuit, the Sixth Circuit found that this Court did not abuse its discretion in finding that the computers and documents held by the FBI

are outside the scope of protection under Fed. R. Crim. P. 6(e)(2). The Sixth Circuit held,

> [t]hat the information Dassault seeks is limited to preexisting computers and business records makes it further unlikely that the disclosure would somehow reveal the scope or nature of the grand jury inquiry. *The district court therefore did not abuse its discretion* in determining that Dassault had rebutted any presumption that the materials sought in its subpoena were matters occurring before the grand jury.

*Dassault Systemes, S.A. v. Childress*, 663 F.3d. 832, 846 (6th Cir. 2011) (emphasis added).

As to Defendant's attempt to place restrictions on disclosure of the computer and materials, the Court previously held that "the seized evidence is not protected by Fed. R. [Crim.] P. 6(e)(2) as matters occurring before a grand jury," and denied Defendant's previous motion for a protective order. Dkt 28 at 8. Furthermore, the Court has previously addressed this issue and placed restrictions on the disclosure of the computers and materials. In particular, this Court Ordered:

> This matter has been presented to this Court by Plaintiff and in compliance with the United States Privacy Act, 5 U.S.C. § 552a. The Federal Bureau of Investigation has been, or will be, subpoenaed by Plaintiff, for information that was obtained during a seizure of Defendant Childress' computers. Plaintiff seeks to review information within said computers and other documents and things that relate to the seizure. The parties will treat the information that is obtained pursuant to the subpoena on an attorney's eyes only basis, unless otherwise designated, for the duration of this case. At the conclusion of this case, the information and documents and things that were produced pursuant to the subpoena will be destroyed, returned to Defendant Childress, or otherwise disposed of as permitted by the Court or by agreement by the parties. Childress' computers will be treated confidentially to the extent allowed under the Privacy Act. Plaintiff agrees to comply with establishing safeguards procedures to ensure the security, protection and confidentiality of any personal data, in compliance with 5 U.S.C. § 552a. Records that were obtained from Defendant's computers may only be disclosed, as routine use, in the course of presenting evidence in this Court/and or Magistrate, including disclosures to the opposing party.

> IT IS HEREBY ORDERED that the computers, documents and things that are produced to Plaintiff in response to the subpoena that is issued to the Federal Bureau of Investigation in connection with this case may be disclosed for use in the above-named case only, subject to the provisions of this Order.

Dkt 29 at 1.

There is no evidence to suggest this protective order is insufficient or that Plaintiff intends to violate it. As such, based on the issues presented in the instant motion and briefs, the Court finds the current restrictions ordered by this Court adequate and declines to place any further restrictions on the disclosure of the computer and documents.

Furthermore, as to Plaintiff's request to restrict Defendant's ability to file motions in the future, the Court denies Plaintiff's request at this time. The Court, however, warns each party that frivolous motion practice by either party will result in appropriate sanctions, including monetary sanctions. When resolving discovery and related issues, it is significant to note that the parties should attempt to resolve any disputes among themselves before seeking the Court's assistance. The Court therefore denies Plaintiff's request at this time.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion for Entry of Modified Protective Order [dkt 89] is DENIED.

IT IS SO ORDERED.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: March 22, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 22, 2012.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290