UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, S.A.,

    Plaintiff,

                                                Case No. 09-10534
v.                                        Hon. Lawrence P. Zatkoff

KEITH CHILDRESS
d/b/a PRACTICAL CATIA TRAINING,

    Defendant.
                                        /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 31, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Emergency Motion to Quash Plaintiff's Third Party Subpoenas [dkt 103]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion to Quash Plaintiff's Third Party Subpoenas is DENIED.

**II. BACKGROUND**

This Court has set forth the background of this case in its previous opinion and orders. As the Court stated:

> Plaintiff, a French corporation, is the developer of a computer software design program known as CATIA. Plaintiff has held a

> registered trademark, U.S. Reg. No. 1,274,136, on its CATIA software since 1984. *See* Compl. Ex. A. Plaintiff also holds a registered copyright on CATIA Version 5, Release 12 ("Release 12"), Registration No. 5-856-769, and has a pending copyright registration for its most recent release, CATIA Version 5, Release 14 ("Release 14"). *See* Compl. Ex. C; ¶16.
>
> Defendant, appearing *pro se*, is a design engineer. Defendant, along with some familial assistance, operates a business under the name of Practical CATIA Training. Practical CATIA Training provides its customers instruction in the use of CATIA software.
>
> CATIA software requires a license and Target ID in order to execute the program on a computer. Plaintiff alleges that Defendant purchased one license for Release 12 and was assigned a corresponding Target ID. Plaintiff further contends that Defendant cloned the software and Target IDs onto 20 computers, which Defendant used to operate his business. Plaintiff maintains that these actions infringe its copyright and trademark rights and violate the Michigan Consumer Protection Act, Mich. Comp. Laws. § 445.901.

Dkt 28 at 2. In May 2009, Plaintiff filed a motion seeking leave to serve a subpoena on the United States Federal Bureau of Investigation ("FBI") to gain access to computers and documents seized from Defendant's school on behalf of the grand jury. In October 2009, the Court granted Plaintiff's motion. On August 2, 2010, Defendant appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed the Court's decision to permit discovery of the seized computers and documents. *See Dassault Systemes, SA, v. Childress*, 663 F.3d 832, 847 (6th Cir. Dec. 13, 2011). On February 9, 2012, the Sixth Circuit Court of Appeals issued the mandate allowing this Court to resume its jurisdiction over the case. On April 7, 2012, the FBI produced the seized computers and documents.

Attempting to discover additional information to support its claim of copyright infringement, on June 14, 2012, Plaintiff notified Defendant that it would be serving subpoenas on the FBI to gain

access to any documents prepared by the FBI while interviewing Defendant and to depose FBI Agent Christopher Pennisi ("Agent"). The first subpoena requested that the Agent produce "the interview records, recordings, and other documents that refer to or otherwise memorialize any interview of Defendant by the FBI, . . . regarding the FBI's raid at [Defendant's] business." The second subpoena requested that the Agent himself appear for a deposition regarding the materials requested to be produced. On June 20, 2012, Defendant filed the instant motion to quash the third-party subpoenas served on the Agent.

While the parties were briefing the motion to quash, the Court held a scheduling conference and received a letter from the United States Supreme Court that a petition for writ of certiorari ("Petition") was filed on June 28, 2012. During the scheduling conference held on Tuesday, July 10, 2012, the Court questioned the parties as to the effect, if any, that the Petition had on the Court's jurisdiction. With no clear answer, the Court ordered the parties to file supplemental briefing as to whether the Court has continuing jurisdiction in light of the filed Petition. Both parties submitted supplemental briefing. The Court therefore will address the jurisdictional issue before turning to Defendant's Motion to Quash.

### III. ANALYSIS

#### A. JURISDICTIONAL ISSUE

The Court finds that its jurisdiction is not affected by the filing of the Petition. First, there is no legal authority that states the Court lacks jurisdiction after the filing of the Petition. In addition, the Federal Rules of Appellate Procedure and the United States Supreme Court Rules provide procedures by which one may stay the issuance of a court of appeals mandate or stay the proceeding in a district court based on the filing of a petition for writ of certiorari with the United Supreme Court. *See* Fed. R. App. P. 41(d)(2)(a)("A party may move to stay the mandate pending

3

the filing of a petition for a writ of certiorari in the Supreme Court."); *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319, 1319–20 (1994) (setting forth the elements a party must satisfy to obtain a stay during a pending petition for certiorari). If it were true that the filing of a petition for writ of certiorari automatically divested the courts of appeals or district courts of jurisdiction, these procedures would be meaningless. Therefore, Defendant's filing of the Petition does not stop the case from proceeding before the Court.

Additionally, other courts presented with this issue reached a similar conclusion. *See United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005) ("The mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court. A litigant desiring such cessation must seek and obtain a stay."). *See also Aetna Cas. & Sur. Co. v. Flowers*, 330 U.S. 464, 467 (1947) (finding no issue with the district court resuming jurisdiction after issuance of the court of appeals mandate); *Carr v. Zaja*, 283 U.S. 52, 53 (1931) (same). Accordingly, once the Sixth Circuit issued the mandate on February 9, 2012, the Court had jurisdiction over this matter, and such jurisdiction continues despite the filing of the Petition.

### B. MOTION TO QUASH

Defendant claims that the evidence sought in the subpoenas is protected from disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure. The Court disagrees. Fed. R. Crim. P. 6(e)(2) provides for the general secrecy of matters, except for several exceptions not relevant here, occurring before the grand jury. The ban on disclosure applies to a grand juror, an interpreter, a court reporter, an operator of a recording device, an attorney for the government or any government personnel that an attorney for the government disclosed such matters to. Fed. R. Crim. P. 6(e)(2)(B),

(3)(A).

The Court finds that Rule 6(e) does *not* bar disclosure. As Plaintiff aptly points out, it seeks the FBI's notes and information, to the extent that they exist, that were created by the FBI in regards to any interview with Defendant during the search of Defendant's business. This search undisputedly occurred on the evening of October 30, 2006, whereas Defendant purportedly testified before the grand jury on November 16, 2006. The requested documents, and related testimony from the Agent, seek information regarding any interview that occurred on October 30, 2006—not disclosure of matters before the grand jury on November 16, 2006. Plaintiff's requested documents and scheduled deposition fall outside the scope of Rule 6(e), as any interview that occurred on October 30, 2006, is not a matter before the grand jury. "[T]he disclosure of information obtained from a source independent of the grand jury proceedings, such as a prior government investigation, does not violate Rule 6(e)." *In re Grand Jury Investigation*, 610 F.2d 202, 217 (5th Cir. 1980).

The principle of Rule 6(e) is to maintain the secrecy surrounding the events that occurred before the grand jury, including "the way in which information was presented to the grand jury, the specific questions and inquiries of the grand jury, the deliberations and vote of the grand jury, the targets upon which the grand jury's suspicion focuses, and specific details of what took place before the grand jury." *In re Grand Jury Investigation of Ven-Fuel*, 441 F. Supp. 1299, 1302 (M.D. Fla. 1977). The subpoenas do not request information that impinges upon this principle. Therefore, Plaintiff has overcome the presumption of non-disclosure, and the information requested is not protected by Fed. R. Crim. P. 6(e)(2). *See In re Grand Jury Subpoenas*, 454 F.3d 511, 522 (6th Cir. 2006) (noting that the "discovery exception to grand jury secrecy has been interpreted somewhat

broadly"). Defendant's request to quash the third-party subpoenas is denied.[1]

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's Emergency Motion to Quash Plaintiff's Third Party Subpoenas [dkt 103] is DENIED.

IT IS SO ORDERED.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 31, 2012.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290

---

[1] To the extent the parties request that the Court conduct an *in camera* review of the documents, the Court declines to do so.