**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DASSAULT SYSTEMES, S.A.,

    Plaintiff,

                                                       Case No. 09-10534
v.                                                     Hon. Lawrence P. Zatkoff

KEITH CHILDRESS
d/b/a PRACTICAL CATIA TRAINING,

    Defendant.

                                                    /

**ORDER DENYING EMERGENCY EX PARTE MOTION FOR STAY**

**I.  INTRODUCTION**

        This matter is before the Court on Defendant's Emergency Ex Parte Motion for Immediate Stay of Proceedings Pending An Investigation into Breaches of Grand Jury Secrecy [dkt 111]. Because Defendant has filed his motion has an ex parte motion, no response is necessary. The Court finds that the facts and legal arguments are adequately presented in Defendant's motion such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted, without oral argument. For the following reasons, Defendant's motion for a stay is DENIED.

**II.  BACKGROUND**

        In general, Plaintiff filed this action against Defendant, alleging that Defendant's conduct at his business infringes on Plaintiff's copyright and trademark rights. During the course of this action, Plaintiff has issued subpoenas to the United States Federal Bureau of Investigation ("FBI"). The subpoenas seek information from the FBI that it obtained during a search of Defendant's business. After the search, a grand jury convened regarding Defendant's conduct at his business.

Defendant has continued to represent during the course of this action that Plaintiff is repeatedly attempting to discover matters that are protected from disclosure as matters occurring before the grand jury under Fed. R. Crim. P. 6(e). On July 26, 2012, Defendant filed the instant ex parte emergency motion to stay the proceedings, along with a Petition for an investigation into purported violations of Fed. R. Crim P. 6(e)(2) (the "Petition"). The Petition requests that the Court begin an investigation into who allegedly leaked information occurring before the grand jury to Plaintiff. Meanwhile, Defendant's instant motion requests that the Court stay this action during the investigation (assuming the Court will grant the Petition).[1]

### III. STANDARD OF REVIEW

Under Sixth Circuit precedent, a district court has the inherent power to stay a proceeding. *Ohio Envtl. Council v. United States, Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). The party requesting a stay must show that there is need to delay the case, and such delay will not cause harm to the other parties. *Id.* The district court's decision to grant or deny a stay is reviewed for an abuse of discretion. *Id.*

### IV. ANALYSIS

Defendant's request to stay is denied. Defendant fails to show that there is a need to delay

---

[1] The Court notes that this case was filed on February 12, 2009. Defendant has maintained throughout the pendency of this case that matters before the grand jury have been leaked in violation of Fed. R. Crim. P. 6(e). More than three years later, Defendant now files the instant motion requesting a stay of the case pending resolution of the Petition. Significantly, Defendant let this extended time pass before seeking such relief, yet labels the instant motion an "Emergency" "Ex parte" motion. There is no basis for Defendant to consistently use such labels when filing his pleadings. For instance, on June 20, 2012, Defendant filed a motion he labeled an "Emergency." As evidence of the fact such motion was not an "Emergency," Defendant then requested from the Court at a scheduling conference, seven additional days to file a reply to his own "Emergency" motion. The Court advises Defendant to first consider whether such labels are appropriate when filing future pleadings with the Court.

this case. Defendant primarily relies on the fact that the Court will investigate the alleged breaches of the grand jury. The Petition, however, has not been fully briefed, and thus, whether the Court will order an investigation regarding the grand jury has not yet been decided. When the Petition is considered, the Court may stay the case at that time. Defendant also raises the argument that a stay is needed based on Defendant's pending petition for writ of certiorari ("Writ of Cert") before the United States Supreme Court. As the Court recently decided, Defendant's Writ of Cert does not effect this Court's jurisdiction and does not provide a basis to stay this case. Third, Defendant avers that Plaintiff has unofficially stayed this case while the parties discuss a resolution of this case, indicating that Plaintiff will not be harmed by a stay. Defendant's assertion lacks merit. The parties unofficial stay does not affect this Court's power to ensure that this case proceeds. Furthermore, unofficially agreeing to not file motions for several weeks is not the equivalent of staying a case for investigation into breaches of grand jury secrecy. Such an investigation will far exceed the unofficial stay Plaintiff has agreed to with respect to the filing of motions. As such, the Court denies granting Defendant's request to stay.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's Emergency Ex Parte Motion for Immediate Stay of Proceedings Pending An Investigation into Breaches of Grand Jury Secrecy [dkt 111] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 31, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290