UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DASSAULT SYSTÈMES, S.A. | § | |
|   A CORPORATION OF FRANCE | § | |
| | § | |
|        Plaintiff, | § | Case No. 09-CV-10534 |
| | § | HON. LAWRENCE P. ZATKOFF |
| v. | § | |
| | § | |
| KEITH CHILDRESS | § | |
| d/b/a PRACTICAL CATIA | § | |
|   A MICHIGAN RESIDENT | § | |
| | § | |
|        Defendants. | § | |
| _____ | § | |

**DASSAULT'S RESPONSE TO DEFENDANT'S PETITION
FOR AN INVESTIGATION INTO RULE 6(e)(2) BREACH OF GRAND JURY SECRECY**

## **TABLE OF CONTENTS**

STATEMENT OF THE ISSUE ................................................................................................ iv

I.   INTRODUCTION ........................................................................................................... 1

II.  APPLICABLE LAW ...................................................................................................... 1

   A.  Rule 6(e) Applies To A Limited Class ................................................................. 1

   B.  Matters Occurring Before the Grand Jury ............................................................ 2

III. ARGUMENT ................................................................................................................... 3

   A.  The Court should dismiss Childress' allegations of a 6(e) violation because
       he is bringing his petition in the wrong forum and with the wrong parties ......... 4

   B.  The Court should dismiss Childress' allegations because the disclosures made
       by Dassault are not "matters occurring before the jury" ...................................... 5

       1. The date, identity, nature, and location of the FBI raid are "not matters
          occurring before the grand jury," nor is the status, direction, or analysis
          of the contents of the raid, because the information was obtained
          non-coercively ................................................................................................ 6

       2. The type and items seized in the raid are not "matters before a jury"
          because they are discoverable ........................................................................ 7

IV.  CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Barry v. United States,*
  865 F.2d 1317 (D.C. Cir. 1989) ................................................................................ 2

*Dassault Systèmes, S.A. v. Keith Childress*,
  No. 9-10534, 2009 U.S. Dist. LEXIS 43478 (May 22, 2009) ........................... 2, 3, 5

*Dassault v. Childress, No. 10-1987,*
  2011 U.S. App. LEXIS 24582 (6th Cir., Dec. 13, 2011) .................................... 2, 3, 7

*Grand Jury Investigation*,
  784 F. Supp. 1188 (E.D. Mich. 1990) ....................................................................... 4

*In re Electronic Surveillance*,
  596 F. Supp. 991 (E.D. Mich. 1984) ......................................................................... 3

*In re Grand Jury Investigation of Ven-Fuel*,
  441 F. Supp. 1299 (M.D. Fla. 1977) ......................................................................... 3

*In re Grand Jury*, 851 F.2d 860 (6th Cir. 1988) ............................................................ 2

**Rules**

Fed. R. Crim. P. 6 .................................................................................................. passim

## STATEMENT OF THE ISSUE

Issue: Should this court grant Defendant's petition for an investigation under Fed. R. Crim. P. 6(e)(2) where:

1) The Defendant's allegations of a Rule 6(e) violation are brought in the wrong form and forum;

2) The Defendant failed to show how Dassault and its attorneys are subject to Rule 6(e); and

3) The subject matter that allegedly lead to Rule 6(e) violations are not "matters occurring before the grand jury."

Answer: No.

## I.    INTRODUCTION

Dassault Systemès, S.A. ("Dassault") hereby opposes Defendant Keith Childress' ("Childress") petition DN112 for an investigation into alleged Rule 6(e)(2) breaches of grand jury secrecy.[1] This motion is yet another attempt by Defendant to sidetrack this case and waste more time on purported grand jury violations. Childress has filed numerous motions arguing Rule 6(e) violations that this Court and the Sixth Circuit have outright rejected. Here, Childress argues the same set of underlying facts as before, but now claims these are the basis for an investigation. That Childress has now framed the issue as a petition for investigation does not change the underlying facts and does not form the basis for this Court to conduct an investigation.

Moreover, this is not the proper forum for such a petition. Instead, it should have been brought in a separate criminal complaint against the proper class of "persons" that are subject to Rule 6(e). Here, Dassault is not "one of the specifically-identified persons" under Rule 6(e) and filing the petition here in this civil litigation is improper - this is a copyright infringement case. Further, Childress has failed to meet the standard for initiating an investigation. Accordingly, this petition should be denied.

## II.   APPLICABLE LAW

### A.    Rule 6(e) Applies To A Limited Class

Defendant has not met the threshold for establishing a Rule 6(e) violation. Fed. R. Crim. P. 6(e)(2)(B) requires that certain identified persons not disclose matters occurring "before the grand jury."

---

[1] At the January 10, 2013 Scheduling Conference, the Court indicated Dassault could respond to Defendant's petition DN112.

1

Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:

(i) a grand juror;
(ii) an interpreter;
(iii) a court reporter;
(iv) an operator of a recording device;
(v) a person who transcribes recorded testimony;
(vi) an attorney for the government; or
(vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

Fed. R. Crim. P. 6(e). Rule 6(e) is only violated if (i) one of the specifically-identified persons (ii) discloses a matter "occurring before the grand jury."

An investigation may be initiated only if the movant is able to demonstrate a prima facie case that there has been a violation of Rule 6(e), in which case a hearing will be held where the Government has the burden to negate the movant's prima facie case. *Barry v. United States,* 865 F.2d 1317, 1321 (D.C. Cir. 1989). To carry its burden, the movant must specifically identify who has allegedly breached Rule 6(e) and that person must fall within one of the categories of people identified above in Rule 6(e). *See Dassault Systèmes, S.A. v. Keith Childress*, No. 9-10534, 2009 U.S. Dist. LEXIS 43478, at *6 (May 22, 2009).

### B. Matters Occurring Before the Grand Jury

Information that reveals the nature, scope, or direction of the grand jury inquiry is presumed to be "matters occurring before the grand jury." *In re Grand Jury*, 851 F.2d 860, 867 (6th Cir. 1988). If communications fall within this standard, the non-moving party may rebut this presumption by showing the information was (1) public; (2) not obtained through coercive means; (3) or would otherwise be available by civil discovery. *Dassault v. Childress,* No. 10-1987, 2011 U.S. App. LEXIS 24582, at *15 (6th Cir. Dec. 13, 2011).

The nature, scope, or direction of a grand jury becomes apparent when specific details of what took place before a grand jury, such as the way information is presented to the grand jury, or questions, inquiries, deliberations, or voting outcomes of the grand jury are revealed. Opinion and Order, DN113, p. 5 (July 31, 2012) (citing *In re Grand Jury Investigation of Ven-Fuel*, 441 F. Supp. 1299, 1302 (M.D. Fla. 1977). Additionally, the mere fact that evidence is reviewed by the grand jury does not make it a "matter occurring before the jury." *Dassault v. Childress,* No. 10-1987*,* at *14; *In re Electronic Surveillance*, 596 F. Supp. 991, 995-6 (E.D. Mich. 1984). Only information that reveals what happened in the jury room must remain secret. *Id*. As such, information obtained prior to referral to a grand jury or through independent government investigation are not "matters occurring before a grand jury." *Id.;* Opinion and Order, DN113, p. 5.

This Court has found that actions taken by the FBI with an eye for the ultimate use in grand jury proceedings are not necessarily matters before a grand jury, nor is the evidence recovered during the FBI search. *Dassault Systèmes, S.A. v. Keith Childress*, No. 9-10534, 2009 U.S. Dist. LEXIS 43478, at *7.

### III. ARGUMENT

Childress' petition for a Rule 6(e) investigation fails to meet the requisite burden. First, Childress has filed this petition in the wrong forum as this is a civil copyright case, not a criminal investigation. Second, Dassault and its attorneys are not subject to Rule 6(e) as they are not "one of the specifically-identified persons." Third, Childress has failed to identify any person who may be subject to Rule 6(e) and who made an improper disclosure. Lastly, the information Childress alleges was improperly disclosed is not a "matter occurring before the grand jury"

because it is either public information, was not obtained by coercive means, or was discoverable. Thus, the petition should be denied.

### A. The Court should dismiss Childress' allegations of a 6(e) violation because he is bringing his petition in the wrong forum and against the wrong parties.

As a preliminary matter, this Court's expectation when receiving notice of a 6(e) violation is that it is filed in the form of a complaint, not a motion. *See Grand Jury Investigation*, 784 F. Supp. 1188, 1195 n.8 (E.D. Mich. 1990). Moreover, this Court has made clear that a Rule 6(e) violation is punishable only as criminal contempt, and may only be enforced by the court or United States Attorney. *Id.* at 1203. Here, Childress has asked for the Court to impose criminal contempt sanctions, and to "suppress all evidence that is the fruit of breaches of grand jury secrecy." DN112, p. 26. As such, Childress has improperly filed his allegations in am inappropriate form and has requested a kind of redress that Rule 6(e) does not offer. Thus, the court should dismiss his petition for lack of proper form.

Further, Childress has asserted his violation against the wrong parties. He has failed to show how Rule 6(e)(1) applies to either Dassault or its counsel. Rule 6(e)(2)(A) says that no obligation of secrecy is imposed on any person other than those listed. Because neither Dassault nor its attorneys fall into these categories, the Rule simply is inapplicable. As such, Childress has asserted his violation against the wrong parties, and in the wrong forum. The petition is not appropriate in this copyright action.

Moreover, Childress has not satisfied his burden under Rule 6(e)(2) of identifying the source of where this supposedly "secret" information has been derived. Although Childress asserts in his brief that "the source of the secret grand jury information is someone in the FBI and/or DOJ with intimate knowledge of the secret grand jury investigation," he has failed to establish who in this class has purportedly breached Rule 6(e). DN112, p. 10. Consequently, as

4

the Court has noted in prior decisions, Childress has not met his burden since, inter alia, his allegations remain "hypothetical" and "conjectural." *See generally*, *Dassault v. Childress*, No. 9-10534, 2009 U.S. Dist. LEXIS43478 at *8.

    Accordingly, on these grounds alone, the petition should be denied.

    **B. The Court should dismiss Childress' allegations because the disclosures made by Dassault are not "matters occurring before the jury".**

    A brief review of the time line of events surrounding the 2006 FBI raid is helpful to show that what transpired and the information Dassault learned, indeed were not "matters occurring before the jury."

    On October 27, 2006 Magistrate Morgan issued a search warrant authorizing the FBI to raid Defendant's business. *See* DN112, Exhibit A-7, search warrant. Details of the materials to be seized, such as CATIA software, copyrighted work of Dassault, business records relating to CATIA software, etc., were set forth in the Subpoena. *See* DN112, Exhibit A-8, list of items to be seized. The actual raid took place on October 30, 2006. Thus, any materials that were seized, or interviews, or the like that were acquired during the raid, were pursuant to the search warrant.

    Then, on November 16, 2006, according to the papers Childress has produced, Childress was to testify before a grand jury and produce documents. *See* DN112, Exhibits A-1 thru A-6, subpoenas. It is unclear to the undersigned if this event ever occurred.

    Nonetheless, it is clear that the events, discussions, documents, etc., which occurred or were procured prior to November 16, 2006, could not be "matters occurring before the jury." This includes those materials that were seized during the raid on October 30, 2006.
Now turning to the substantive part of Childress' argument, Childress has failed to meet his burden for an investigation because the alleged "secret" information was public, obtained by non-coercive means, or was otherwise discoverable. Moreover, nowhere in Childress' petition

5

does he even state where in the pleadings each of these purported statements were made.[2]
Instead, Childress leaves the Court to guess, which is insufficient and constitutes grounds for denying the petition.

      Childress asserts that a Rule 6 (e)(2) violation has occurred because:

> As a result of breaches of grand jury *secrecy*, the following *secret* grand jury information about me and my family was *unlawfully* disclosed to Dassault and published in its complaint and subsequent court filings:
>
> **The identity of the target of the grand jury investigation** (Keith Childress & our family's school. Practical Catia); **the nature of the grand jury investigation** (copyright infringement); **the date** (October 30. 2006). **and location of the grand jury authorized raid** (our school); **the type and quantity of items seized on behalf of the grand jury** (20 computers, records. training materials); **the post raid forensic analysis of the items seized during the grand jury authorized raid** (type of software installed on computers. Release level, licensing info); **the status of the grand jury investigation** (coming to an end); **the direction of the grand jury investigation** (no indictments would be handed down) **and that the property seized on behalf of the grand jury was being returned to us**.

Defendant's Brief, DN112, pp. 13-14.  Each of these statements will now be addressed.

      **1. The date, identity, nature, and location of the FBI raid are "not matters occurring before the grand jury," nor is the status, direction, or analysis of the contents of the raid, because the information was obtained non-coercively.**

      Occasionally, the Department of Justice may communicate with counsel outside the government, or the court may provide information to defense counsel regarding the happenings of grand jury proceedings.  Such communications are permissible.  *U.S. v. Lansing*, No. 8:06-CR-104-T-27 EAJ, 2006 U.S. Dist. LEXIS 59427, at *4 (M.D. Fla. Aug. 23, 2006).

      Here, communications between the government and Dassault were proper since the FBI conducted its raid after Dassault asked the FBI to investigate Childress.  The identity, nature, and

---

[2] Dassault disputes as all of these statements were not made in its complaint.

location of the target of the investigation were obvious – to investigate possible CATIA software violations. The search warrant sought information regarding same. *See* DN112, Exhibit A-8. Communications between Dassault and the government were necessary to ensure that the government obtained the proper assistance in support of its investigation. Without such discussions, the government could not effectively conduct this or similar investigations as it cannot operate in a vacuum without the complainant's assistance. Thus, this information was not obtained coercively.

Further, during the case, Childress indicated that he was "vindicated" and that the government had not brought charges against him. Noting this position, the government indicated it would be returning Childress' computers. From this statement Childress has assumed the government improperly disclosed the "status, direction or analysis of the contents of the raid." Childress is wrong.

Lastly, the date, identity, nature, and location of the FBI raid are all discoverable under the federal rules of civil procedure and thus even if this information was a matter occurring before the grand jury, which it is not, the presumption has been overcome.

### 2. The type and items seized in the raid are not "matters before a jury" because they are discoverable.

Discoverable evidence is not a "matter occurring before the jury." First and foremost, Childress "does not dispute [this Court's] determination that both the computers and business records would be discoverable as relevant evidence." *Dassault v. Childress*, No. 10-1987 at 15. As such, Childress has admitted that his computers and records are not matters before the jury. Further, the Sixth Circuit, when reviewing this Court's decision on this same matter, held that although Childress' computers and records were presumptively "matters occurring before the grand jury," that "the district court did not abuse its discretion in determining that Dassault had

rebutted any presumption that the materials sought in its subpoena were matters occurring before a jury" since they were discoverable records made in the course of business. *Id.* at 17.

Thus, since this information is discoverable, the presumption is rebutted and the petition should be denied.

## IV.  CONCLUSION

Childress has filed this petition in the wrong format and in the incorrect forum as this is a copyright case, not a criminal investigation. Further, Dassault and its attorneys are not subject to Rule 6(e) as they are not "one of the specifically-identified persons." Moreover, Childress has failed to identify any person who may be subject to Rule 6(e) and that made an improper disclosure. Lastly, the information Childress alleges was improperly disclosed is not a "matter occurring before the grand jury" because it is either public information, was not obtained by coercive means, or was discoverable.

For the reasons set forth above, Childress' petition should be denied.

Date:  January 24, 2013             */s/  Douglas P. LaLone*
Glenn E. Forbis   (P52119)
Douglas P. LaLone (P45741)
RADER, FISHMAN & GRAUER, PLLC
39533 Woodward Avenue
Bloomfield Hills, Michigan  48304
Phone: (248) 594-0600
Fax: (248) 594-0610
dpl@raderfishman.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 24, 2013, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF System. I further certify that a copy of the foregoing was served on the non-ECF participant via e-mail to kchildress@comcast.net.

                */s/ Douglas P. LaLone*
                Douglas P. LaLone