UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, S.A.,

    Plaintiff,                                  CASE NO. 09-10534
                                                  HON. LAWRENCE P. ZATKOFF

v.

KEITH CHILDRESS, d/b/a
PRACTICAL CATIA TRAINING,

    Defendant.
_____/

**ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 3rd day of December, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On November 12, 2014, the Court issued an Order to Stay, wherein the Court held:

    As the Court finds that the filing (and deciding) of additional motions will not be beneficial to the interests of the parties or the Court, nor serve the interests of justice, the Court now ORDERS THE PARTIES TO CEASE ANY ACTIVITY AND ORDERS THAT THIS CASE BE, AND HEREBY IS, STAYED UNTIL FURTHER ORDER OF THE COURT. The order to cease any activity includes, but is not limited to, a prohibition on: (1) the filing any new motions, (2) supplementing any existing motions and/or responsive pleadings, and/or (3) responding to or replying to any outstanding motions. In other words, among other prohibitions, the parties are barred from filing anything on the docket in this case until further order of the Court. The period of time to respond to any pending motion is likewise stayed until further order of the Court.

On December 3, 2014, the Court issued an omnibus Opinion and Order regarding numerous motions filed by the parties. The Court's December 3, 2014, Opinion and Order did not address

several outstanding motions to compel, nor did it address Defendant's petition/motion for an investigation into alleged breaches of grand jury secrecy.[1]

On several occasions during the course of this litigation, the parties have advised the Court of their interest in attempting to settle this matter. At the time of those settlement efforts, however, the Court had made few rulings from which the parties could understand the scope of the issues that would be tried by a jury, *i.e.*, what issues involving a genuine dispute of material fact would be presented to the ultimate fact finder. As the Court's December 3, 2014, Opinion and Order affords the parties an understanding of what remains to be litigated in this case, the Court finds that providing the parties with a period during which to discuss settlement would best serve the interests of the parties and judicial economy.

Accordingly, the Court hereby ORDERS:

1. The November 12, 2014, Order to Stay remains in effect, such that the parties are barred from filing – and/or responding to – motions/petitions until further order of the Court;

2. The pending motions to compel and petition/motion for an investigation into alleged breaches of grand jury secrecy shall remain pending, and shall not be addressed, until further order of the Court;

3. The parties shall commence settlement negotiations immediately and continue to engage in such negotiations until the earlier of reaching settlement or January 30, 2015;

---

[1] The Court notes that the determination of whether an investigation into alleged breaches of grand jury secrecy is not an issue that bears on the remaining claims before the Court.

2

4. If the parties desire the assistance of a magistrate judge to facilitate settlement negotiations, the parties shall jointly advise the Court of such desire on or before December 17, 2014; and

5. The parties shall send the Court a joint letter detailing their settlement efforts, including dates and times the parties have engaged in settlement discussions, on each of December 17, 2014; January 5, 2015; January 16, 2015; and January 30, 2015.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:   December 3, 2014