**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DASSAULT SYSTEMES, S. A.
  A CORPORATION OF FRANCE

             Plaintiff/Counter-Defendant,         CASE NO. 09-CV-10534

v.                                     HON. Marianne O. Battani

KEITH CHILDRESS
  d/b/a PRACTICAL CATIA TRAINING

             Defendant/Counter-Plaintiff,
_____/

## CHILDRESS' OPPOSITION TO DASSAULT'S MOTION IN LIMINE # 4 [R.302]

On September 1, 2015, Dassault filed 11 separate "motions in limine" (many containing discreet subparts) that Dassault consolidated into a single document captioned "DASSAULT SYSTÈMES' MOTIONS IN LIMINE # 1-11" (with the word "motions" in plural) [R.302]. Pursuant to L.R. 7.1(c)(1), I am filing a separate brief in response brief to each of Dassault's 11 separate "motions in limine."

### INTRODUCTION

Dassault seeks an order precluding me from introducing evidence that subpoenas issued to the FBI were improperly granted and that Dassault "illegally acquired" FBI Agent Pennisi's 302 report regarding an interview Pennisi conducted with me during the October 30, 2006 FBI raid of my family's school.

Dassault's version of the events regarding Dassault subpoenas, and Dassault's explanation as to how and when Dassault acquired Pennisi's 302 report is a compete fabrication designed to mask Dassault unclean hands.

### ARGUMENT

1

In support of its motion in limine, Dassault claims:

> At the time this lawsuit was filed, the FBI was in possession of the computers that the FBI seized from Childress' business. Dassault served the FBI with a subpoena before discovery opened requesting that the FBI produce Childress' computers and documents associated with their investigation.

Dassault didn't just serve the subpoena on the FBI "before discovery opened", Dassault served the subpoena nearly a week before I was served with Dassault's summons and complaint [R.05]. Furthermore, Dassault served the subpoena on the FBI without notifying me, a violation of Fed. R. of Civ. P. 45(b)(1), and prior to a Rule 26(f) discovery conference, a violation of Fed. R. of Civ. P. 26(d)(1).

Dassault February 16, 2009 subpoena commanded production of materials the FBI seized from our school during the October 30, 2006 raid. [DS 2-16-09 Subpoena: R.286-20]:

> 1. All computers seized at Keith Childress' business, Practical Catia, at the address of 2234 Elm Street, Algonac, Michigan 48001-1115.
>
> 2. All memorandums, reports, investigations by the FBI or DOJ in connection to Keith Childress or his business Practical Catia.
>
> 3. All correspondence to or from Keith Childress or any party at the office of Practical Catia.
>
> 4. All forensic evidence pertaining to the analysis of Mr. Childress' and/or Practical Catia's computers.

In support of its motion in limine, Dassault claims:

> Because discovery had not yet begun, Dassault withdrew its original subpoena to the FBI and issued a modified subpoena requesting production of just Childress' computers.

This is a fabrication. Dassault didn't withdraw its February 16, 2009 subpoena, the DOJ refused to honor Dassault's subpoena. In a March 2, 2009 letter from AUSA Cares to Dassault's attorney Doug LaLone, AUSA Cares informs LaLone that the FBI would not honor Dassault's subpoena because it fails to meet DOJ requirements [**Exhibit A**]:

> In order to enable the proper DOJ official to determine whether approval should be granted for disclosure of the requested information/items, you are required by the Code of Federal Regulations to provide the United States Attorney for the Eastern District of Michigan with an affidavit or statement setting forth "a summary of the information sought and its relevance to the proceeding." 28 C.F.R. §§ 16.22(c) and (d). Your subpoena fails to meet these requirements.

On March 5, 2009, LaLone sent a letter to AUSA Cares setting forth a summary of the information Dassault sought with its subpoena and its relevance to the proceeding [**Exhibit B**]. In his letter, LaLone states:

> We understand that Childress was interviewed during the raid and we believe those interview notes/memos are relevant to our case.
>
> Discussions Childress may have had with the FBI may include admissions of infringement, the extent of the infringement, how the infringement occurred, etc.

Clearly, Dassault was aware of the existence of grand jury "investigative agent" Pennisi's 302 report and its (errant) contents no later than March 5, 2009. As the evidence included with my Opposition to Dassault Motion in Limine #3 indicates, during the grand jury investigation, grand jury "investigative agent" Pennisi provided Dassault with a constant stream of grand jury information, including: confidential documents that our attorney provided in response to grand jury subpoenas; confidential communications between Pennisi and the AUSA in charge of the grand jury investigation; and confidential communications from our attorney to the AUSA in charge of the grand jury investigation.

Given Dassault's awareness of Pennisi's 302 report (as well as its contents), and given Pennisi's flagrant and ongoing breaches of grand jury secrecy, it is an absolute certainty that Pennisi had already provided Dassault with a *bootleg* copy of his 302 report during the grand jury investigation. LaLone was merely using Dassault's subpoena powers to try to acquire a legitimate copy of Pennisi's errant 302 report before I could file a motion to quash. This is why Dassault failed to notice me on Dassault's February 16, 2009 subpoena.

In support of its motion in limine, Dassault claims:

> When fact discovery opened, Dassault then served the FBI with another subpoena requesting the documents that were in the FBI's possession concerning its search of Childress' business and seizure of Childress' computers. Special Agent Pennisi's report was among the documents that Dassault received from the FBI pursuant to the second subpoena.

This is another fabrication. Dassault served its second subpoena on the FBI in April 2009, not when discovery opened in February 2012[1] (a violation of Fed. R. of Civ. P. 26(d)(1)).

---

[1] Discovery did not open until Feb. 2012 when the case was reopened after the 6th Circuit reversed the default [R.87].

Dassault's April 2009 subpoena commanded production of the same materials Dassault sought with its February 16, 2009 subpoena [DS 4-22-09 Subpoena: R.10,p.8-9]:

> 1. All computers seized at Keith Childress' business, Practical Catia, at the address of 2234 Elm Street, Algonac, Michigan 48001-1115.
>
> 2. All memorandums, reports, investigations by the FBI or DOJ in connection to Keith Childress or his business Practical Catia.
>
> 3. All correspondence to or from Keith Childress or any party at the office of Practical Catia.
>
> 4. All forensic evidence pertaining to the analysis of Mr. Childress' and/or Practical Catia's computers.

I filed a motion to quash Dassault's April 2009 subpoena on the grounds that the FBI was acting on behalf of a federal grand jury when it raided my family's school and seized our property. Therefore, the materials Dassault sought with its subpoena are protected from disclosure by Rule 6(e) of the Fed. R. of Crim. P. [R.10]. Dassault agreed to withdraw its subpoena, and I agreed to withdraw my motion to quash [R.13].

Inasmuch as Dassault withdrew its April 2009 subpoena, Dassault's claim that "Special Agent Pennisi's report was among the documents that Dassault received from the FBI pursuant to the second [April 2009] subpoena" is a blatant misrepresentation.

A December 4, 2009 email from AUSA Cares to me provides further evidence of Dassault's misrepresentation as to when/how Dassault acquired Pennisi's 302 report [**Exhibit C**]:

> The FBI is not authorized to turn over documents and/or things in response to a subpoena where the United States is not a party to the litigation unless and until the disclosure is permitted by the authorized official.
>
> The US Department of Justice is currently examining the subpoena and will provide a response to Mr. LaLone, to which you will be provided a copy of the same, as soon as possible.

Inasmuch as the DOJ had not produced any documents in response to Dassault's subpoena by December 2009, and inasmuch as Dassault withdrew its April 2009 subpoena in May 2009, Dassault could not have received Pennisi's 302 report from the FBI pursuant to Dassault's April 2009 subpoena, as Dassault falsely claims. Again, Dassault was already in possession of Pennisi's errant 302 report because Pennisi slipped Dassault a copy on the sly during the grand jury investigation.

4

In May 2009, Dassault filed a motion for leave to serve a subpoena on the FBI to gain access to the materials grand jury "underlined investigative agent" Pennisi seized from my family's school "on behalf of the grand jury". Apparently aware that Item 2 "all memorandums, reports, investigations by the FBI or DOJ in connection to Keith Childress or his business Practical Catia"), as well as Items 3 and 4 of its April 2009 subpoena are protected from disclosure by Rule 6(e) of the Fed. R. of Crim. P., Dassault omitted these items from its May 2009 proposed subpoena. Dassault's pared-down May 2009 proposed subpoena sought production of the following [DS May 2009 Subpoena: R.12-3]:

> All computers, materials and documents that were seized at Keith Childress' business Practical Catia"

I again opposed Dassault's motion on the grounds that the FBI was acting on behalf of the grand jury when it raided my family's school, therefore the computers and documents seized by the FBI were protected from disclosure by Rule 6(e)(2) [R.17].

In its Reply to my Opposition brief, Dassault specifically states its "subpoena does not seek" grand jury materials such as "FBI notes or the like" [R.21,p.2-3]:

> **Plaintiff's subpoena does not seek** any of the substance of grand jury testimony, the identity of any grand jury witness(es), **FBI investigative notes, or the like.** There is no material requested that would "elucidate the inner workings of the grand jury," [emphasis added]

Judge Zatkoff took Dassault at its word (that it was not seeking "FBI notes or the like") and granted Dassault motion on the grounds that "the seized evidence is otherwise available through civil discovery" and would not "reveal anything about the nature, direction, or scope of the grand jury's inquiry" [R.28,p.04].

On May 7, 2012 grand jury "investigative agent" Pennisi delivered our school's "computers and documents" to Dassault for imaging/copying. The process was completed on Tuesday May 8, 2012.

On June 14, 2012, Dassault served two additional subpoenas on the FBI commanding production of the very information that Dassault assured the court it was not seeking access to with its previous subpoena (i.e., "FBI notes or the like").

Dassault served one subpoena on the FBI's Richard Larance commanding production of the following:

> The interview records, recordings, or other documents that refer to or otherwise memorialize any interview of defendant by the FBI, that were prepared by the FBI, or by its agents or personal on its behalf, regarding the raid at Keith Childress' business, Practical CATIA Training, at the address of 2234 Elm Street, Algonac, Michigan 48001.

Dassault served the second subpoena on grand jury "investigative agent" Pennisi commanding deposition testimony regarding the following:

> The interview records, recordings, or other documents that refer to or otherwise memorialize any interview of defendant by the FBI, that were prepared by the FBI, or by its agents or personal on its behalf, regarding the raid at Keith Childress' business, Practical CATIA Training, at the address of 2234 Elm Street, Algonac, Michigan 48001.

I filed a motion to quash Dassault's subpoenas. In its July 2012 Response brief, Dassault feigns ignorance as to the existence and/or the contents of Pennisi's 302 report [R.105]:

> Dassault has now served subpoenas on the FBI in order to gain access to essentially what amounts to interview notes, **to the extent any exist**, that may have been generated by the FBI during the raid upon Defendant's business in 2006.

> [Dassault] it is seeking the FBI's notes **to the extent any exist**, that it took while meeting with people at the Defendant's business the day the raid took place.

> **Dassault has no idea of the content of any such notes, to the extent they even exist**, and thus it is difficult to guess the substance of any content therein. [bold/underline added in preceding paragraphs]

While Dassault's July 2012 brief (referenced above) specially states that Dassault was totally unaware of the existence of Pennisi's 302 report, much less the consents thereof; in its briefing for the instant motion, Dassault *claims* it acquired Pennisi's 302 report in response to Dassault's April 22, 2009 subpoena (which Dassault withdrew). Yet, LaLone's March 5, 2009 letter to AUSA Cares clearly indicates that Dassault's was aware of the existence of Pennisi's 302 report (and contents) no later than March 5, 2009, more than a month before Dassault served its April 22, 2009 subpoena on the FBI.

Again, Dassault misrepresentations are just a subterfuge to hide the fact that grand jury "investigative agent" Pennisi slipped Dassault a copy of his (errant) 302 report on the sly during the grand jury investigation of me and my family's school.

Judge Zatkoff took issue with Dassault's numerous misrepresentations in his December 3, 2014 Order [R.275]:

6

> Defendant has alleged and offered evidence that Plaintiff has made false and misleading statements in filings made in this Court, *e.g.*, (1) the conflicting statements on how/when Plaintiff learned of Defendant's alleged illegal activity/infringement, and (2) Plaintiff's initial stated purpose in seeking leave from the Court to subpoena the FBI as compared to what Plaintiff actually sought from the FBI when Plaintiff served the subpoenas on the FBI.

> The Court notes that: (a) in Plaintiff's motion for leave to subpoena granted by this Court and affirmed by the Sixth Circuit, Plaintiff represented that it was seeking to gain access only to "All computers, materials and documents that were seized [by the FBI] at [Defendant's] business Practical Catia" and not seeking access to "FBI investigative notes," but (b) Plaintiff's ultimate subpoenas to the FBI sought the production of "interview records, recordings or other documents that refer to or otherwise memorialize any interview of [D]efendant by the FBI, that were prepared by the FBI, or by its agents . . ., regarding the raid."

Judge Zatkoff found Dassault's numerous "<u>false and misleading statements in filings made in this Court</u>" to be an example of Dassault's "abuse of process" in the instant case.

Evidence of Dassault numerous misrepresentations as to how and when Dassault acquired grand jury "investigative agent" Pennisi's errant 302 report is relevant to my unclean hands defense, and is necessary to impute the testimony of FBI Special Agent Pennisi; Dassault's Rodolphe Pantanacce; Dassault's Andrew Clarkson, all of which have submitted declarations in this matter, and all of which are identified on Dassault "witness list."

## Conclusion

For the reasons contained herein, I respectfully request that the Court deny Dassault's Motion in Limine #4.

Respectfully Submitted,
/s/ Keith Childress
620 Georgia Ave.
Sewanee TN 37375,
(931) 636-4607
legal@practicalcatia.com

# Exhibit A



**U.S. Department of Justice**

United States Attorney
Eastern District of Michigan

*(313) 226-9139*

---

*211 W. Fort Street, Suite 2001*
*Detroit, Michigan 48226*

March 2, 2009

**VIA E-MAIL**

Douglas LaLone
Rader Fishman & Grauer PLLC
39533 Woodward Ave Ste 140
Bloomfield Hills, MI  48304
Phone: (248) 594-0650
Fax: (248) 594-0610
E-Mail: dpl@raderfishman.com

      Re:    *Dassault Systemes, S.A. v. Keith Childress*, Case No. 09-10534
              Subpoena to Federal Bureau of Investigation

Dear Mr. LaLone:

It is my understanding that you attempted to serve a subpoena on Richard Larance that was directed to the United States Federal Bureau of Investigation (FBI).  I am the Assistant United States Attorney who has been assigned to represent the FBI in this matter.

The subpoena appears to have been issued in connection with a civil action pending in U.S. District Court in the Eastern District of Michigan.  The United States is not a party to this litigation. The subpoena requests inspection of documents and things believed to be in possession of the FBI.

The FBI is a component of the United States Department of Justice (DOJ).  Disclosure by present or former DOJ employees of information pertaining to DOJ business is governed by federal regulations.  See 28 C.F.R. §§ 16.21 to 16.29.  28 C.F.R. § 16.22(a) provides:

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

Douglas LaLone
March 2, 2009
Page 2

In order to enable the proper DOJ official to determine whether approval should be granted for disclosure of the requested information/items, you are required by the Code of Federal Regulations to provide the United States Attorney for the Eastern District of Michigan with an affidavit or statement setting forth "a summary of the information sought and its relevance to the proceeding." 28 C.F.R. §§ 16.22(c) and (d).

Your subpoena fails to meet these requirements. The subpoena was unaccompanied by an affidavit or statement identifying the items sought with sufficient particularity or explaining the relevance of the requested items in the above-captioned proceeding. In the absence of this affidavit or statement, there is insufficient information to enable the proper DOJ official to determine whether approval should be granted. Therefore, based on your request thus far, the requested documents/items cannot be provided in response to the subpoena.

If you wish to pursue your request to inspect items and documents from the FBI, you should provide me with an affidavit or statement setting forth a summary of the testimony you seek and a description of its relevance to the proceedings in the above-captioned case. This particularized summary and description will permit the DOJ to determine whether the requested documents and/or can be provided without violating any statute, privilege, or other prohibition against disclosure. See 28 C.F.R. § 16.26. Please be aware that this determination and authorization process typically takes at least several days to complete.

Unless and until there has been authorized approval, the FBI will be prohibited from complying with your subpoena. If you have any questions about these restrictions, do not hesitate to call me directly at (313) 226-9139.

Very truly yours,

TERRENCE BERG
Acting United States Attorney

STEVEN P. CARES
Assistant United States Attorney

SPC/spc

cc:     Rich Larance

# Exhibit B

**RADER,**

**FISHMAN**

**& GRAUER**

PLLC

*39533 Woodward Ave., Ste. 140*
*Bloomfield Hills, Michigan 48304*
*Tel: (248) 594-0600*
*Fax: (248) 594-0610*

**DOUGLAS P. LALONE**
**(248) 594-0650**
**dpl@raderfishman.com**

**Via Facsimile and First class mail**

March 5, 2009

Steven P. Cares, Esq.
Terrence Berg, Esq.
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Re:    DASSAULT SYSTÈMES, S.A. v. Keith Childress
       In the U.S. District Court of Michigan, E.D.
       Case No. 2:09−cv−10534−LPZ−VMM
       Hon. Lawrence P Zatkoff

Dear Mr. Cares:

This letter is in response to your March 2, 2009, letter regarding the subpoena we served on Richard Larance of the Federal Bureau of Investigation. We understand that the DOJ has requested a statement setting forth "a summary of the information sought and its relevance to the proceeding." Below is our statement in accordance with 28 C.F.R. § 16.22.

Our firm represents the Plaintiff, Dassault Systèmes, S.A. a French company which develops technical and system software solutions. In particular, Dassualt created a commercial computer program called CATIA® (Computer Aided Three Dimensional Interactive Application) that is a multi-platform CAD/CAM/CAE software. CATIA® software is protected under United States Copyright Registration No. TX 5-856-769. Plaintiff's CATIA® software is the cornerstone of the Dassault product lifecycle management software suite and has been the main 3d CAD tool used by major industrial manufacturers such as The Boeing Company, General Dynamics, Chrysler, Renault, Volkswagen, and others.

Further, Dassault Systèmes owns the U.S. trademark rights to the mark CATIA®, under U.S. Reg. No. 1,274,136. The CATIA® trademark and its corresponding products have earned a stellar reputation and public goodwill and are recognized in the industry as the leading computer program for CAD/CAM/CAE applications.

*Worldwide Intellectual Property Matters • Patents • Trademarks • Litigation • Copyrights • U.S. and Foreign Portfolio Management*
*Computer and Internet Law • Trade Secrets • Unfair Competition*

**Bloomfield Hills      Washington, D.C.      Salt Lake City      Tokyo**

CONFIDENTIAL                                                                                    DS00003041

**RADER,**

**FISHMAN**

**& GRAUER**
PLLC

Plaintiff, Dassault, has become aware that Defendant, Keith Childress, has engaged in certain unfair, unconscionable practices in the conduct of trade and commerce by misappropriating and infringing Plaintiff, Dassault's trademark and cloning Plaintiff's copyrighted "CATIA VERSION 5 RELEASE 12" computer program and "CATIA VERSION 5 RELEASE 14" computer program in violation of 17 U.S.C. § 501. On February 12, 2009, Plaintiff Dassault filed suit against Childress and his company. Attached as **Exh. A** is a copy of the Complaint.

On October 30, 2006, Defendant Childress and his company Practical Catia were raided by the Federal Bureau of Investigation. We understand the FBI confiscated 20 computers with the cloned software which are reproductions of, or derivations of, Plaintiff's copyrighted CATIA® software. The raid took place at Defendants' office which continues to be located in Algonac, Michigan.

We understand the FBI has conducted its own investigation into this matter with the assistance of Dassault. Dassault would like to have access to various documents that are likely in the FBI's files as well as the computers and other materials that were confiscated during the raid by the FBI. Hence the purpose of the subpoena that was served on Rich Larance. See copy attached as **Exh. B**. Below is an explanation of the relevancy of each of the four classes of items that were requested in the subpoena to Mr. Larance.

1.  All computers seized at Keith Childress' business, Practical Catia, at the address of 2234 Elm Street, Algonac, Michigan.

We understand that approximately 20 computers were seized at the defendants' office during the October 30, 2006 raid. These computers are in the possession of the FBI. Plaintiff requests permission to either: 1) take possession of these computers, or 2) have their forensic expert image theses computers. The data will remain confidential and if necessary, can be delivered to the court for safe keeping until any privacy issues are resolved. This information is relevant because it is likely to disclose the infringing CATIA ® software on Defendants' computers, when it was installed, the duplication of the Target ID, the number of days that are left on the license, etc. Essentially, these computers contain the necessary information to prove "cracked" code is operating on board each computer. Thus, it is relevant to our claim of copyright infringement.

CONFIDENTIAL                                                            DS00003042



Steven Cares, Esq.
March 5, 2009
Page 3

2.  All memorandums, reports, investigations by the FBI or DOJ in connection to Keith Childress or his business Practical Catia.

We understand that during the course of the FBI working up its file on Childress, certain documents were created that may lead to the discovery of relevant evidence. Particularly, evidence showing Childress had access to the copyrighted CATIA ® software and that "cracked" copies of Plaintiff's software illegally exists on Defendants' computers. We understand that Childress was interviewed during the raid and we believe those interview notes/memos are relevant to our case. This type of evidence goes to the heart of Plaintiff's copyright claim. Thus, it is relevant to our proceedings.

3.  All Correspondence to or from Keith Childress or any party at the office of Practical Catia.

These documents are relevant as it may lead to the discovery of admissible evidence in our copyright case. Discussions Childress may have had with the FBI may include admissions of infringement, the extent of the infringement, how the infringement occurred, etc. Such correspondence would be relevant in this matter.

4.  All forensic evidence pertaining to the analysis of Mr. Childress' and/or Practical Catia's computers.

We understand that the FBI has not conducted a complete forensic investigation of each computer that was confiscated during the raid. However, to the extent any forensic evidence exists for these computers, Dassault would like to inspect and copy same as this information would assist with our case for copyright infringement. Such information would also assist our own forensic expert and allow him to understand the work that was already completed by the FBI. Thus, this information is relevant.

Accordingly, Plaintiff submits that it is in compliance with 28 C.F.R. § 16.22 as we have provided a summary of the items sought with sufficient particularity and have provided an explanation of the relevance of each of the requested items in the present proceedings. If the U.S. DOJ requires additional information, please contact the undersigned. The return date for the subpoena at issue is Monday March 9th. We understand that given the current situation, that date most likely will not be met. Accordingly, we look forward to discussing with you a mutually convenient date for production of the requested materials.

CONFIDENTIAL                                                    DS00003043

# Exhibit C

**Subject:** RE: URGENT MATTER! - Dassault v. Childress, No. 09-10534
**From:** "Cares, Steven (USAMIE)" <Steven.Cares@usdoj.gov>
**Date:** 12/4/2009 9:12 AM
**To:** "Keith" <kchildress@comcast.net>
**CC:** "Larance, Richard J. (FBI)" <Richard.Larance@ic.fbi.gov>

Mr. Childress,

I reviewed your letter.

The FBI is not authorized to turn over documents and/or things in response to a subpoena where the United States is not a party to the litigation unless and until the disclosure is permitted by the authorized official.  I refer you to the attached letter, which was sent to you via email on May 29, 2009, and authorities cited therein.  At present, the appropriate official has not approved, approved in part, or denied the request.  The US Department of Justice is currently examining the subpoena and will provide a response to Mr. Lalone, to which you will be provided a copy of the same, as soon as possible.  While we are working on this request and will provide a response as soon as possible, it is very unlikely that this response will come on or before December 7, 2009.

Very Truly Yours,

Steven P. Cares | Assistant U.S. Attorney | 211 W. Fort St., Ste. 2001 | Detroit, MI  48226
T: (313) 226-9139 | F: (313) 226-2372 | E: steven.cares@usdoj.gov

---

**From:** Keith [mailto:kchildress@comcast.net]
**Sent:** Friday, December 04, 2009 10:01 AM
**To:** Cares, Steven (USAMIE)
**Cc:** Larance, Richard J. (FBI)
**Subject:** URGENT MATTER! - Dassault v. Childress, No. 09-10534

Dear AUSA Cares,

Please see attached PDF file "12-4-09 Letter to AUSA Cares"

Sincerely,
Keith Childress
Practical CATIA Training

---Attachments:---

Letter.pdf                                                                29.3 KB

## CERTIFICATE OF SERVICE

I, Keith Childress, hereby certify that on the 7th day of January 2016, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Keith Childress

Keith Childress
620 Georgia Ave.
Sewanee, TN 37375
(931) 636-4607
legal@practicalcatia.com