UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTÉMES, S.A.
  A CORPORATION OF FRANCE

    Plaintiff/Counter-Defendant,    Case No.  09-CV-10534
v.    Hon.  Marianne O.  Battani
    Magistrate Judge Michael J. Hluchaniuk

KEITH CHILDRESS
  d/b/a PRACTICAL CATIA TRAINING

    Defendant/Counter-Plaintiff
_____

PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S PROPOSED JURY
INSTRUCTION NO. 25

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Aspen Tech., Inc. v. M3 Tech., Inc., No. 12-20388,
   569 Fed. Appx. 259 (5th Cir. 2014) ...................................................................1

Complex Sys., Inc. v. ABN Ambra Bank,
   979 F. Supp. 2d 456 (S.D.N.Y. 2013) ................................................................1

Iconics, Inc. v. Massaro,
   192 F. Supp. 3d 254, 2016 U.S. Dist. LEXIS 83138 (D. Mass. 2016) ..................1

Jamison Bus. Sys., Inc. v. Unique Software Support Corp., No. CV 02-4887,
   2005 U.S. Dist. LEXIS 45480 (E.D.N.Y. May 26, 2005) ................................1, 3

Micro Consulting, Inc. v. Zubeldia,
   813 F. Supp. 1514 (W.D. Okla. 1990) ................................................................3

Montgomery v. Noga,
   168 F.3d 1282 (11th Cir. 1999) ................................................................1, 2, 3

Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film, Corp.,
   361 F.3d 312 (6th Cir. 2004) ...............................................................................2

Remark LLC v. Adell Broad.,
   817 F. Supp. 2d 990 (E.D. Mich. 2011) ..............................................................2

Simplexgrinnell v. Integrated Sys. & Power, Inc.,
   642 F. Supp. 2d 206 (S.D.N.Y. 2009) ................................................................1

United States v. Washington Mint, LLC,
   115 F. Supp. 2d 1089 (D. Minn. 2000) ...............................................................2

Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.,
   275 F. Supp. 2d 543 (D.N.J. 2003) .....................................................................1

**Statutes**

17 U.S.C. § 101 (2016) .......................................................................................... 1

An infringement of a newer version of computer software may also be an infringement of an older or original version of software upon which the newer version was based.[1] This is because the newer work may be considered to be derivative of the original work. A derivative work is "a work based upon one or more preexisting works . . . ."[2]

Derivative works necessarily consist of material that would be infringing if it has been derived from the earlier work without the copyright owner's permission.[3] Thus, a copyright owner can maintain a suit for infringement of an earlier work based on copying of a later derivative work.[4] Courts in the Sixth Circuit have recognized these principles. For example, where plaintiff owned both original and derivative television commercials, it

---

[1] Montgomery v. Noga, 168 F.3d 1282, 1292–93 (11th Cir. 1999); Complex Sys., Inc. v. ABN Ambra Bank, 979 F. Supp. 2d 456, 459 n.4 (S.D.N.Y. 2013); Simplexgrinnell v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 206, 213–14 (S.D.N.Y. 2009); Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 275 F. Supp. 2d 543, 556 (D.N.J. 2003); Aspen Tech., Inc. v. M3 Tech., Inc., No. 12-20388, 569 Fed. Appx. 259, 268–69 (5th Cir. 2014); Jamison Bus. Sys., Inc. v. Unique Software Support Corp., No. CV 02-4887, 2005 U.S. Dist. LEXIS 45480, at *22 (E.D.N.Y. May 26, 2005).
[2] 17 U.S.C. § 101 (2016).
[3] *Simplexgrinnell*, 642 F. Supp. 2d at 213.
[4] *E.g.*, Iconics, Inc. v. Massaro, 192 F. Supp. 3d 254, 2016 U.S. Dist. LEXIS 83138, at *17 (D. Mass. 2016); *Complex Sys.*, 979 F. Supp. 2d at 459 n.4; *Simplexgrinnell*, 642 F. Supp. 2d at 213–14; *Video Pipeline*, 275 F. Supp. 2d at 556; *Aspen Tech.*, 569 Fed. Appx. at 268–69; *Jamison Bus. Sys.*, 2005 U.S. Dist. LEXIS 45480, at *22–23.

could "enforce all of its copyrights" in both the original and the derivative work.[5]

As applied in a non-copyright context, in *United States v. Washington Mint, LLC*,[6] the court held that copying a derivative work can give rise to copyright infringement liability based upon copyright ownership in the original work. The plaintiff, the U.S. government was the assignee of a plaster sculpture of Sacagawea.[7] The defendant deliberately copied a prototype of a Sacagawea dollar coin based on the sculpture.[8] Although there was no liability for copying the coin because it was government work ineligible for copyright protection, the court nonetheless found the defendant liable for copyright infringement of the underlying sculpture to the extent that its infringing coin contained "substantial portions" of the of the design depicted in the sculpture.[9]

The rule articulated above is similarly applied in the case of computer software. In *Montgomery v. Noga*,[10] the plaintiff had a copyright in an early version of software, VPIC 2.9a. The plaintiff sued the defendant for infringement of a later version of the software, VPIC 4.3, which incorporated

---

[5] Remark LLC v. Adell Broad., 817 F. Supp. 2d 990, 997 (E.D. Mich. 2011) (citing Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film, Corp., 361 F.3d 312, 316 (6th Cir. 2004)).
[6] 115 F. Supp. 2d 1089, 1099 (D. Minn. 2000).
[7] *Id.* at 1098.
[8] *Id.* at 1099.
[9] *Id.*
[10] 168 F.3d 1282, 1292–93 (11th Cir. 1999).

over seventy percent of the original source code from VPIC 2.9a.[11] The court held that the defendant's infringing use of the VPIC 4.3 software also infringed the VPIC 2.9a software.[12]

In the context of software, the above issues commonly arise where newer software versions build off of previous versions. "[A]n updated or modified version of an original program constitutes a derivative work."[13] A derivative work infringes the original work if it is substantially similar to the original work.[14] Thus, any unmodified source code from an original work that is included in a derivative work is entitled to protection as part of the original work.[15] It follows that when a new version of software includes a substantial portion of an earlier version of software, a party that copies the new version is liable for infringement of both the new version and the earlier version upon which it was based.

Here, CATIA V5 R14 is a derivative work of CATIA V5 R12. Therefore, Dassault can maintain a cause of action against Mr. Childress for infringement of both its copyright registration for CATIA V5 R12 and its registration for CATIA V5 R14 based upon Mr. Childress' copying of CATIA V5 R14.

---

[11] *Id.*
[12] *Id.*
[13] *Jamison Bus. Sys.*, 2005 U.S. Dist. LEXIS 45480, at *22.
[14] Micro Consulting, Inc. v. Zubeldia, 813 F. Supp. 1514, 1531 (W.D. Okla. 1990).
[15] *Id.* at *23.

Dated:  March 5, 2017

Respectfully submitted,
/Glenn E. Forbis/
Glenn E. Forbis (P52119)
Stephanie L. Dowdy (P77225)
J. Bradley Luchsinger (P76115)
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098
Phone:  248-641-1600  Fax:  248-641-0270
gforbis@hdp.com
sdowdy@hdp.com
bluchsinger@hdp.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon all counsel of record and ECF participants.

/Glenn E. Forbis/
Glenn E. Forbis (P52119)
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098
Phone:  248-641-1600  Fax:  248-641-0270
gforbis@hdp.com