**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DASSAULT SYSTÈMES, S.A.,

    Plaintiff/Counter-Defendant,

v.

    Case No. 09-10534

KEITH CHILDRESS, d/b/a PRACTICAL
CATIA TRAINING,

    Hon. Marianne O. Battani

    Defendant/Counter-Plaintiff.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* IN SIXTH CIRCUIT APPEAL NO. 17-2416**

On September 28, 2017, Defendant Keith Childress filed a notice of appeal, indicating that he sought appellate review of a whole host of this Court's rulings throughout the lengthy proceedings in this case.  (*See* Dkt. 487, 9/28/2017 Notice of Appeal.)  The Sixth Circuit docketed this appeal as Case No. 17-2175, and Defendant paid the requisite filing fee.  After this Court entered a November 1, 2017 order denying Defendant's post-judgment motion under Fed. R. Civ. P. 60(b) challenging two pre-trial summary judgment rulings, (*see* Dkt. 502, 11/1/2017 Order), Defendant filed a document captioned as an "amended notice of appeal," in which he sought to add this Court's November 1 order to the rulings he wished to challenge on appeal, (*see* Dkt. 505, 11/20/2017 Amended Notice of Appeal.)  The Sixth Circuit, however, treated this notice as commencing a new appeal, docketed it as Case No. 17-2416, and instructed Defendant to pay the customary filing fee for this appeal.  Through the present motion,

Defendant requests (i) that this Court consolidate his two appeals, so that he need not pay two separate filing fees, or (ii) that the Court grant him leave to proceed *in forma pauperis* ("IFP") in Case No. 17-2416 before the Court of Appeals. As discussed below, this Court lacks the authority to alter the Sixth Circuit's dockets or second-guess the appellate court's docketing decisions, and it further concludes that Defendant has failed to establish his entitlement to IFP status in his most recent appeal.

First, to the extent that Defendant seeks to consolidate his two appeals, and thereby avoid paying two separate filing fees, this request appears to rest on Defendant's understanding that his more recent notice of appeal, despite its caption, was incorrectly recorded on the district court docket as an initial rather than amended notice, and that this improper docketing, in turn, led the Sixth Circuit to treat this filing as commencing a new and separate appeal. Upon careful review of the relevant rules and the Sixth Circuit dockets for Defendant's appeals, however, the Court views the matter differently. In particular, while it is true that "[n]o additional fee is required to file an amended notice" of appeal, Fed. R. App. P. 4(a)(4)(B)(iii), not every notice of appeal that follows in the wake of an initial notice is entitled to be treated as "amended" under this provision. Rather, this same Rule identifies particular types of post-judgment motions — *e.g.,* a motion under Fed. R. Civ. P. 59 to alter or amend a judgment — that, if timely filed, operate to toll the period for filing a notice of appeal, *see* Fed. R. App. P. 4(a)(4)(A)(i)-(vi), and also give rise to an opportunity to file an amended notice of appeal challenging the district court's disposition of these specified motions, *see* Fed. R. App. P. 4(a)(4)(B)(ii).

That is not what happened here. In particular, although a motion brought under Fed. R. Civ. P. 60 — such as the one filed by Defendant in this case, which in turn triggered this Court's November 1, 2017 order that Defendant cites in his amended notice of appeal — can form the basis for an amended notice of appeal once it is acted upon by the district court, this is true only if the Rule 60 motion was "filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Yet, the Rule 60(b) motion addressed in this Court's November 1 order was filed on August 29, 2017, several months after the Court's entry of a March 22, 2017 judgment following a jury trial. Moreover, the various types of post-judgment motions listed in Fed. R. App. P. 4(a)(4)(A)(i)-(vi) have a tolling effect, and thereby trigger an opportunity for an amended notice of appeal, only if they are filed "within the time allowed" under the rules authorizing these motions, Fed. R. App. P. 4(a)(4)(A). In Defendant's initial appeal, docketed as Case No. 17-2175, Plaintiff Dassault Systèmes, S.A. has argued that a number of Plaintiff's post-judgment motions were filed too late to benefit from this tolling effect, and that various of this Court's rulings therefore cannot be reviewed on appeal. To the extent that Defendant meant for his amended notice of appeal to piggyback upon his initial notice, the Sixth Circuit's ruling as to the timeliness and proper scope of Defendant's initial notice of appeal might well have a ripple effect on the timeliness and scope of his amended notice, and the Court is in no position to say how the Sixth Circuit might decide this question.

In short, Defendant's series of post-judgment filings, brought under a grab-bag of provisions in the Federal Rules of Civil Procedure, have triggered a wave of procedural puzzles worthy of a law school exam. The Sixth Circuit is addressing at least some of

these questions in Defendant's initial appeal, and its election to docket Defendant's more recent notice as a second appeal presumably reflects at least a preliminary assessment by the Court of Appeals that this filing was not eligible for treatment as an amended notice under Fed. R. App. P. 4(a)(4)(B)(ii). This Court lacks the authority to override or second-guess the Sixth Circuit's exercise of control over its own docket, but instead must look to the Court of Appeals for any further clarification or instructions regarding the proper effect and relationship of Defendant's two notices of appeal. As matters now stand, these two notices have triggered two separate appeals, and this Court is powerless to direct a different outcome.

      This leaves only a question that plainly is within this Court's authority to decide: namely, whether Defendant should be permitted to proceed *in forma pauperis* ("IFP") in the second appeal brought about by his November 20, 2017 notice of appeal. Upon reviewing the affidavit accompanying Defendant's present motion, the Court is satisfied that Defendant has established his inability to pay the customary fee for commencing an appeal. Yet, that is not the end of the matter, because "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999) (stating that once a party who seeks IFP status on appeal has provided the information called for in Fed. R. App. P. 24(a)(1), "the district court must ascertain both the individual's pauper status and the merits of the appeal"). The Supreme Court has interpreted the "good faith" language of § 1915(a)(3) as meaning "not frivolous," *Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962), and has

4

further defined a "frivolous" claim as one which "lacks an arguable basis either in law or in fact," *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Defendant has not shown that the present appeal is taken in good faith within the meaning of § 1915(a)(3). First, he makes no effort to argue in his present motion that he wishes to pursue non-frivolous issues before the Court of Appeals; instead, he addresses only his inability to pay the filing fee that ordinarily must accompany an appeal.[1] Next, while certain of this Court's rulings in the course of these lengthy proceedings doubtlessly leave room for good faith and non-frivolous disagreement, it is important to recall that this particular appeal implicates only the rulings in the Court's November 1, 2017 order. As noted earlier, this order denied Defendant's motion under Rule 60(b)(1) for relief from two of the Court's pre-trial summary judgment rulings, explaining that this motion was, in essence, a renewed motion for reconsideration in which Defendant sought "further consideration of arguments that were raised, addressed, and resolved on several occasions during the lengthy pre-trial proceedings in this case." (Dkt. 502, 11/1/2017 Order at 6.) Accordingly, as is evident from the Court's analysis and reasoning in the November 1 order, Defendant's appeal from this

---

[1]The inadequacy of Defendant's showing on this point presumably is due, at least in part, to his submission of the wrong form in support of his request for IFP status on appeal. While Defendant's present motion is accompanied by an application to proceed in the *district court* without prepayment of fees, Fed. R. Civ. P. 24(a)(1) instead dictates that an appealing party must (i) submit the information called for in "Form 4 of the Appendix of Forms" to establish this party's inability to pay the usual filing fee, and also (ii) "state[] the issues that the party intends to present on appeal." Defendant has neither provided the full range of financial information specified in Form 4 nor identified the issues he wishes to pursue on appeal.

5

order is frivolous and not taken in good faith, and it follows that he is not entitled to IFP status in pursuing the appeal docketed by the Sixth Circuit as Case No. 17-2416.

For these reasons, the Court **DENIES** Defendant's December 26, 2017 motion for leave to proceed *in forma pauperis* in Sixth Circuit Case No. 17-2416 (Dkt. 514).

**IT IS SO ORDERED.**


Date:   May 2, 2018

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 2, 2018.

s/ Kay Doaks
Case Manager