# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 04, 2018

Mr. Keith Childress
620 Georgia Avenue
Sewanee, TN 37375

Re: Case No. 17-2416, *Dassault Systemes, SA v. Keith Childress*
    Originating Case No. : 2:09-cv-10534

Dear Mr. Childress:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Karen S. Fultz
Case Manager
Direct Dial No. 513-564-7036

cc: Mr. Glenn E. Forbis
    Mr. James Bradley Luchsinger
    Mr. David J. Weaver

Enclosure

No. 17-2416

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 04, 2018
DEBORAH S. HUNT, Clerk

DASSAULT SYSTEMES, SA, )
 )
    Plaintiff-Appellee, )
 )
v. ) O R D E R
 )
KEITH CHILDRESS, dba Practical Catia Training, )
 )
    Defendant-Appellant. )
 )
 )

    Keith Childress, proceeding pro se, appeals the district court's order denying his Federal Rule of Civil Procedure 60(b) motion for relief from judgment, which sought relief from two orders denying three motions for summary judgment. Childress has filed a motion for leave to proceed in forma pauperis on appeal.

    In 2009, Dassault Systemes, S.A. ("Dassault"), a French corporation that developed a computer-aided design software called CATIA, filed a complaint against Childress, who owned a company called Practical CATIA Training. Dassault alleged that Childress and his company infringed trademarks and copyrights registered to Dassault by using bootlegged copies of its CATIA software in training classes and by using the CATIA mark to advertise his company and the training classes that it offered.

    During the course of lengthy pre-trial proceedings, Childress filed two motions for partial summary judgment, which the district court denied. Childress filed three motions for reconsideration, which the district court denied as well. After the district court granted the parties leave to file additional dispositive motions, Childress filed another motion for summary judgment. The district court denied that motion and Childress's subsequently filed motion for reconsideration. Following a trial, a jury ruled in Dassault's favor on its copyright claims and in

Case 2:09-cv-10534-MFL-MJH   ECF No. 523, PageID.16501   Filed 09/04/18   Page 3 of 4 (3 of 4)
Case: 17-2416   Document: 21-2   Filed: 09/04/2018   Page: 2

No. 17-2416
- 2 -

Childress's favor on the trademark claim. The district court entered a judgment of $640,000 in favor of Dassault. In a Rule 60(b) motion filed on August 29, 2017, Childress sought relief from the district court's pre-trial orders denying his motions for summary judgment. He argued that the district court denied summary judgment before discovery was complete and merely speculated that the subsequent discovery would not have supported his motions for summary judgment. The district court denied the motion, and Childress appealed. The district court denied leave to proceed in forma pauperis on appeal.

An indigent litigant may obtain leave to proceed in forma pauperis on appeal if the appeal is taken in good faith. Fed. R. App. P. 24(a)(5); *Owens v. Keeling*, 461 F.3d 763, 774-76 (6th Cir. 2006). An appeal is not taken in good faith if it is frivolous, i.e., it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Any appeal of the district court's judgment would be frivolous. An order denying a motion for summary judgment is not "a *final* judgment, order, or proceeding" for purposes of Rule 60(b). Fed. R. Civ. P. 60(b) (emphasis added); *see Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009). Even assuming that the entry of final judgment following the jury's verdict would allow Childress to challenge the prior summary judgment orders under Rule 60(b), *see Bonner*, 564 F.3d at 427, because Childress is appealing the denial of a Rule 60(b) motion, the underlying orders themselves are not before this court, *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

The district court denied Childress's Rule 60(b) motion because it raised the same arguments that Childress raised in prior motions for reconsideration, which the district court had considered and rejected. A district court does not abuse its discretion when it denies a Rule 60(b) motion on this basis. *See Johnson v. Dellatifa*, 357 F.3d 539, 544 (6th Cir. 2004); *Erby v. Kula*, 98 F. App'x 405, 407 (6th Cir. 2004); *Kersh v. Macomb St. Clair Emp't Training Agency*, 55 F. App'x 723, 725 (6th Cir. 2003). The proper vehicle for challenging the district court's orders denying his motions for summary judgment is a direct appeal from the district court's final judgment, which Childress is currently pursuing in case number 17-2175. A Rule 60(b)

No. 17-2416
- 3 -

motion may not serve as a substitute for an appeal. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007).

Accordingly, this court **DENIES** Childress's motion for leave to proceed in forma pauperis. Unless Childress pays the $505 filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk