UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, SA

    Plaintiff,

v.

    Case No. 09-cv-10534
    Hon. Matthew F. Leitman

KEITH CHILDRESS,

    Defendant.
_____/

### ORDER (1) DIRECTING PLAINTIFF TO PRODUCE DOCUMENT TO DEFENDANT, (2) GRANTING DEFENDANT'S MOTION TO FILE A REPLY BRIEF (ECF No. 562), AND (3) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 559)

This civil action between Plaintiff Dassault Systemes, SA and Defendant Keith Childress is more than ten years old.  The parties took discovery for a lengthy period of time, tried certain claims before a jury, and completed an appeal to the United States Court of Appeals for the Sixth Circuit.  In 2020, that court remanded the action to this Court for further proceedings. (*See* Sixth Cir. Order, ECF No. 536.)

On April 19, 2021, Childress filed a motion to re-open discovery. (*See* Mot., ECF No. 550.)  Childress requested, among other things, that Dassault "produce all documents that Dassault withheld and/or redacted based on relevancy and/or privilege (work product and/or attorney-client) and all other communications between Dassault agents or between Dassault agents and Government authorities

1

regarding Childress or his School." (*Id.*, PageID.16581.) On October 26, 2021, the Court granted Childress' motion in part and denied the motion in part. (*See* Order, ECF No. 557.) The Court granted the motion to the extent that it asked the Court to undertake an *in camera* review of all of the documents that Dassault redacted for relevancy. (*See id.*) The Court declined to order Dassault to produce documents that it had withheld and/or redacted on the basis of the privilege and denied the motion in all other respects.

While the Court was undertaking its relevancy review, Childress filed a motion for reconsideration of the Court's October 26 ruling. (*See* Mot. for Reconsideration, ECF No. 559.) In that motion, Childress "ask[ed] the Court to modify [the October 26 order] in one respect." (*Id.*, PageID.17201.) Childress asked the Court to 'review documents withheld and redacted for 'privilege' (i.e., attorney client and work product)." (*Id.*) Childress insisted that the Court should undertake that review because Dassault "inappropriately redacted and withheld critical evidence under the guise of work product." (*Id.*, PageID.17206.) Childress did not ask the Court to reconsider any other portion of the October 26 order.[1] (*See id.*)

---

[1] Childress has also filed a motion to file a reply brief in further support of his motion for reconsideration. (*See* Mot. to File Reply Br., ECF No. 562.) That motion is **GRANTED**.

2

The Court held an on-the-record status conference in this action on January 28, 2022, to (1) share with the parties the results of its *in camera* review of the documents Dassault had redacted for relevancy and (2) issue a ruling on Childress' motion for reconsideration.

The Court began with its *in camera* review of Dassault's relevancy redactions. As the Court explained to the parties, it concluded that nearly all of Dassault's redactions were appropriate. It did, however, have a question on one portion of an email exchange that Dassault had redacted. The entire email exchange containing the portion in question is found at Bates Numbers DS-00004056 – DS-00004060. Per the agreement of the parties on the record, the Court conducted an *in camera* discussion with only counsel for Dassault so that it could better understand the context of the email exchange at issue. That discussion took place on a sealed record that will not be made available to Childress. Following that discussion, the Court reconvened with counsel for both parties and ordered that Dassault produce an unredacted copy of the portion of the identified email exchange that is found at Bates Number DS-00004057. The Court also provided Dassault the alternative option of producing an unredacted copy of the entire email exchange at issue to Childress. Dassault shall produce the underacted email exchange to Childress by no later than **February 9, 2022**.

Once Childress receives the unredacted email exchange from Dassault, he shall review the exchange and determine if he believes any follow-up discovery is necessary. If he does wish to take any follow-up discovery, he shall describe that discovery in writing to Dassault. The parties shall then conduct a substantive meet and confer to determine if they can come to an agreement regarding any follow-up discovery. Once the parties complete this meet and confer process, they shall inform the Court. The Court will then schedule a status conference. During that conference, the Court will either (1) set a schedule for the agreed-upon follow-up discovery, or (2) resolve any disputes regarding that discovery.

Finally, during the January 28 status conference, the Court issued its ruling on Childress' motion for reconsideration (ECF No. 559.) For the reasons explained on the record, that motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 28, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126