UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, SA

    Plaintiff,

v.

KEITH CHILDRESS,

    Defendant.
_____/

Case No. 09-cv-10534
Hon. Matthew F. Leitman

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 567)

On April 19, 2021, Defendant Keith Childress filed a motion to re-open discovery in this action. (*See* Mot., ECF No. 550.) Childress requested, among other things, that Dassault "produce all documents that Dassault withheld and/or redacted based on relevancy." (*Id.*, PageID.16581.)

On October 26, 2021, the Court granted the motion in part and agreed to undertake an *in camera* review of all of the documents that Dassault redacted for relevancy. (*See* Order, ECF No. 557.) The Court conducted that review and concluded that nearly all of Dassault's relevancy redactions were appropriate. It did, however, order Dassault to produce an unredacted copy of a portion of one email exchange that the Court concluded arguably should have been produced. (*See* Order, ECF No. 566.)

1

Childress has now filed a motion for reconsideration arising out of the Court's relevancy review. (*See* Mot., ECF No. 567.) Childress says that the Court erred when it "declined to require [Dassault] to provide an unredacted copy of document DS # 000003811." (*Id.*, PageID.17348-17349.) That document is a three-page email exchange between Dassault investigator Andrew Clarkson and a man identified in the exchange as "Joseph Edward." The email exchange produced by Dassault contained three redactions: (1) a small redaction on the bottom right-hand corner of the first page of the exchange, (2) a small redaction on the bottom right-hand corner of the second page of the exchange, and (3) a redaction that covered the entire third page of the exchange. Childress believes that the redacted portions of the email exchange are relevant to his claims and defenses in this action.

They are not. The Court has reviewed the email exchange and can assure Childress that the redacted portions of the exchange are not relevant, in any way, to this action. The redactions are so innocuous that it is a mystery why they were made at all. The first two redactions – the small redactions on the bottom right-hand corner of pages one and two of the exchange – simply redact a standalone number that seems to have been stamped on the bottom of each page (a stamp akin to a bates stamp). The numbers have no connection to the substance of the email exchange (which was produced in full to Childress). The third page that was redacted is

completely blank. There is no content (substantive or otherwise) hiding behind the redaction.

Thus, because the redacted portions of the identified email exchange are not relevant, in any way, to this action, the redactions were appropriate (even though unnecessary). Childress' motion for reconsideration (ECF No. 567) is therefore **DENIED**.

    **IT IS SO ORDERED**.

Dated: February 15, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 15, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3