UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, SA,

    Plaintiff/Counter-Claim Defendant,

v.

    Case No. 09-cv-10534
    Hon. Matthew F. Leitman

KEITH CHILDRESS,

    Defendant/Counter-Claim Plaintiff.
_____/

## ORDER RESOLVING MOTIONS IN LIMINE

On February 28, 2024, the Court held a hearing on pre-trial motions *in limine* that both parties have filed in this case. For the reasons explained on the record during the motion hearing, **IT IS HEREBY ORDERED** as follows:

- Plaintiff/Counter-Claim Defendant Dassault Systemes, SA's motion *in limine* #1[1] is **GRANTED IN PART AND DENIED IN PART**. At trial, Defendant/Counter-Claim Plaintiff Keith Childress shall not (1) present argument that one of the processes that Dassault abused was grand jury proceedings and (2) offer evidence that is related solely to whether Dassault abused grand jury proceedings. The motion is **DENIED** in all other respects.

---

[1] All of Dassault's motions *in limine* are included in its filing located at docket number 625.

- Dassault's motion *in limine* #2 is **GRANTED** as follows.  In support of his abuse of process claim, Childress may argue only that acts occurring after the filing of the Complaint in this action constitute abuses of process.  However, Childress is not precluded by this ruling from arguing that acts occurring before the filing of the Complaint are "corroborating acts."  Likewise, nothing in this ruling prevents Dassault from objecting to Childress' reliance on Dassault's pre-Complaint conduct on the basis that the conduct at issue is not properly considered a "corroborating act," or on some other basis.  To the extent that there are disputes between the parties as to whether Childress may properly rely upon any particular pre-Complaint conduct by Dassault as a "corroborating act," the Court will address those disputes as they arise at trial.

- Dassault's motion *in limine* #3 is **GRANTED IN PART AND DENIED IN PART**.  At trial, Childress shall not argue or present evidence that Dassault abused legal process by filing this civil litigation.  The motion is **DENIED** in all other respects.

- Dassault's motion *in limine* #4 is **TAKEN UNDER ADVISEMENT**. The parties shall submit supplemental briefs with respect to this motion *in limine* as discussed on the record.  In those briefs, the parties shall apply the test described in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)

to the question of whether Childress should be precluded from offering evidence at trial of damages arising out of the alleged abuses of process. Dassault shall file its supplemental brief by no later than **March 5, 2024**. Childress shall file his supplemental brief by no later than **March 11, 2024**.

- Dassault's motion in *limine* #5 is **DENIED**.

- Dassault's motion in *limine* #6 is **GRANTED**.  There shall be no mention at trial of prior opinions and/or orders of this Court or the United States Court of Appeal for the Sixth Circuit unless the Court grants permission to do so following a conference at sidebar.

- Dassault's motion *in limine* #7 is **TAKEN UNDER ADVISEMENT**.

- Dassault's motion *in limine* #8 is **GRANTED IN PART AND DENIED IN PART**.  At trial, Childress shall not be precluded from presenting any evidence concerning the details of the FBI's search of his business and the seizure of his computers.  Instead, he may present some evidence concerning those matters for the limited purpose of showing his state of mind at the time he made statements to FBI agents.  The evidence he presents shall be limited to those aspects of the search and seizure that had an impact on his state of mind.

- Dassault's motion *in limine* #9 is **GRANTED**.  Childress shall not offer evidence at trial of communications between himself and Dassault (and

Dassault's counsel) in connection with the administration of this civil litigation unless the Court grants permission to do so following a conference at sidebar.

- Dassault's motion *in limine* #10 is **GRANTED**. Childress shall not argue at trial that Dassault and/or Dassault representatives (and counsel) lied, committed perjury, made false or malicious statements, improperly withheld documents, and/or improperly redacted documents unless the Court grants permission to do so following a conference at sidebar.

- Childress' motion *in limine* #1 (ECF No. 621) is **DENIED**.

- Childress' motion *in limine* #2 (ECF No. 622) is **GRANTED IN PART AND DENIED IN PART**. Dassault's expert witness(es) shall not offer testimony at trial that Childress infringed Microsoft's copyright(s) or otherwise interfered with Microsoft's intellectual property rights. The motion is **DENIED** in all other respects.

- Childress' motion *in limine* #3 (ECF No. 623) is **DENIED**.

- Childress motion *in limine* #4 (ECF No. 624) is **DENIED**. Dassault's counsel is directed to instruct Dassault's witnesses not to offer testimony about conversations and/or statements over which Dassault has asserted a privilege.

Finally, at the hearing on the motions *in limine*, Dassault indicated that it may seek to exclude certain witnesses Childress listed on his proposed witness list. Dassault shall file any motion to strike those witnesses by no later than **March 5, 2024**. Childress may respond by no later than **March 11, 2024**.

**IT IS SO ORDERED**.

                                                  s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: March 1, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 1, 2024, by electronic means and/or ordinary mail.

                                                s/Holly A. Ryan
                                                Case Manager
                                                (313) 234-5126