# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DASSAULT SYSTÈMES, S.A.          Case No. 09-CV-10534
 A CORPORATION OF FRANCE          Hon. Matthew Leitman

    Plaintiff/Counter-Defendant,

v.

KEITH CHILDRESS
 d/b/a PRACTICAL CATIA TRAINING

    Defendant/Counter-Plaintiff.
_____

**DASSAULT SYSTÈMES, S.A.'s MOTION FOR A JUDGMENT AS A MATTER OF LAW FOR NO DAMAGES ON CHILDRESS' ABUSE OF PROCESS COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 50(a), Plaintiff Dassault Systèmes, S.A., by and through its attorneys of record, hereby moves this Court to grant a judgment as a matter of law ruling that Keith Childress cannot be awarded damages on his abuse of process counterclaim.

Dated:  March 22, 2024          Respectfully submitted,

/s/Glenn E. Forbis
Glenn E. Forbis (P52119)
J. Bradley Luchsinger (P76115)
Jeremiah J. Foley (P85516)
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098
Phone:  248-641-1600
Fax:  248-641-0270
gforbis@harnessip.com
bluchsinger@harnessip.com
jfoley@harnessip.com

*Attorneys for Plaintiff*

i

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DASSAULT SYSTÈMES, S.A.
 A CORPORATION OF FRANCE

      Plaintiff/Counter-Defendant,      Case No. 09-CV-10534
                                                                 Hon. Matthew Leitman

v.

KEITH CHILDRESS
 d/b/a PRACTICAL CATIA TRAINING

      Defendant/Counter-Plaintiff.
_____
_____

**DASSAULT SYSTÈMES, S.A.'s BRIEF IN SUPPORT OF ITS MOTION FOR A JUDGMENT AS A MATTER OF LAW FOR NO DAMAGES ON CHILDRESS' ABUSE OF PROCESS COUNTERCLAIM**
_____

## ISSUE PRESENTED

1. Should this Court grant Dassault's motion for judgment as a matter of law that Childress cannot be awarded damages on his abuse of process counterclaim when Childress has not shown that any of Dassault's acts in the use of a court process were the proximate cause of his damages?

**Dassault Answers: YES**

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2
    A.    Legal Standard for Judgement as a Matter of Law ...............................2
    B.    No Reasonable Juror Could Find that Childress Was
        Damaged by Any Alleged Abuse of Process .......................................3

III. CONCLUSION......................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).................................................................................................2

*Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*,
    730 F.3d 494 (6th Cir. 2013) ...................................................................................2

*Lamp v. Reynolds*,
    249 Mich.App. 591 (2002) ......................................................................................4

*Meehan v. Michigan Bell Tel. Co.*,
    174 Mich.App. 538 (1989) ......................................................................................3

*Yousif v. Birach*,
    No. 324097, 2016 Mich.App. 342 (2016) ...............................................................4

**Other Authorities**

Fed. R. Civ. P. 50(a)........................................................................................................2

I.       INTRODUCTION

Dassault Systèmes, S.A. ("Dassault") moves this Court for judgement as a matter of law that Defendant Keith Childress ("Childress") was not damaged by any abuse of process by Dassault. Childress failed to prove that any injury he received was proximately caused by Dassault's abuse of process. The record shows Childress' damages were caused by: (1) events that occurred before this litigation began, including from the seizure of his computers by the FBI, or (2) the overall litigation (which he has unyieldingly maintained), rather than an improper act of Dassault made during the course of the proceedings for the ulterior purpose of coercing Childress to join Dassault's Education Partner's Program ("EPP").

Proximate cause requires that the defendant's at-fault conduct be the cause in fact of the plaintiff's damages and the legal cause of the Plaintiff's damages. Neither is true here. The record shows that Childress' damages, e.g. his stress and lack of sleep, would have occurred regardless of any alleged abuse of process by Dassault. Childress is not losing sleep over Andrew Clarkson's 2010 declaration, the preliminary injunction (which expired years ago), or the subpoenas Dassault issued to the FBI. Further, none of the alleged at-fault conduct is the legal cause of Childress' alleged damages. No reasonable juror could find that Dassault could foresee that such things would cause Childress to experience emotional distress.

1

## II. ARGUMENT

### A. Legal Standard for Judgement as a Matter of Law

Judgement as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." Fed. R. Civ. P. 50(a). The instant motion is timely because Childress has rested his case before the jury.

The standard for judgment as a matter of law is the same as the standard for summary judgment. *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 503 (6th Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). This Court should grant this motion if "there can be but one reasonable conclusion as to the verdict." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

Where, as here, the burden of persuasion is on the nonmoving party, the moving party may satisfy this burden in two ways. "First the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). This motion should be granted because Childress has not carried his burden of

2

showing that an abuse of process by Dassault is the cause of his injuries. Instead, the evidentiary record shows that Childress' <u>own</u> actions are the cause of his alleged damages in this action.

### B. No Reasonable Juror Could Find that Childress Was Damaged by Any Alleged Abuse of Process

To recover on his abuse of process claim, Childress must show that he was injured or damaged and that Dassault's conduct was a proximate cause of the injuries or damages to him. *Meehan v. Michigan Bell Tel. Co.*, 174 Mich.App. 538, 571 (1989). Childress rested his case without establishing this.

All of Childress' alleged damages stem from either the FBI's execution of a search warrant in 2006 or this litigation generally, not any abuse of process by Dassault. To recover damages, Childress must have shown that an act in the abuse of process "was the proximate cause of the injuries or damages" to Childress. *Meehan v. Michigan Bell Tel. Co.*, 174 Mich.App. 538, 571 (1989).

Childress' alleged damages, e.g. stress and lack of sleep, were not proximately caused by any alleged abuse of process committed by Dassault. "To establish the requisite proximate cause between the alleged wrongful act and resulting damages, as required when liability is at issue in any action, the defendant must prove that the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of his damages." *Lamp v. Reynolds*, 249 Mich.App. 591, 599 (2002) (citing *Skinner v. Square D Co.*, 445 Mich. 153, 162-163 (1994)).

3

Dassault's actions are not a cause in fact of Childress' injuries. Childress' decision to represent himself pro-se and maintain this action through numerous appeals led to his stress and lack of sleep irrespective of anything Dassault did in this litigation. "The plaintiff's conduct will be considered a cause in fact of his damages if his damages, more than likely, would not have occurred but for his at-fault conduct." *Id.* Any reasonable juror would find that Childress' stress and lack of sleep occurred irrespective of any alleged abuse of process by Dassault.

Nor are Dassault's actions the legal cause of Childress' damages. "If this 'but for' element is established, then the defendant must prove that, in light of the foreseeability of the consequences of plaintiff's at-fault conduct, the plaintiff should be held to be legally responsible for such consequences." *Id.* No juror could find that Dassault could have foreseen that the 2010 Declaration of Andrew Clarkson or its pursuit of a subpoena to the FBI could possibly give rise to a damages claim for stress and loss of sleep by Mr. Childress. This is because Dassault's actions are not the proximate cause of Mr. Childress' alleged injury, it is his own actions and the lawsuit at large. *Yousif v. Birach*, No. 324097, 2016 Mich.App. 342 at * 18 (2016) ("[T]the trial court properly concluded that there was no genuine issue of material fact as to whether Shamoon's removal was proximately caused by Birach's advice. Rather, Shamoon's exclusion was the result of his own actions.")

## III.   CONCLUSION

Dassault's motion for judgment as a matter of law that Childress has not carried his burden of proving damages for his abuse of process claim should be granted.

Dated:  March 22, 2024

Respectfully submitted,
/s/Glenn E. Forbis
Glenn E. Forbis (P52119)
J. Bradley Luchsinger (P76115)
Jeremiah J. Foley (P85516)
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098
Phone:  248-641-1600
Fax:  248-641-0270
gforbis@harnessip.com
bluchsinger@harnessip.com
jfoley@harnessip.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon all counsel of record and ECF participants.

/s/Glenn E. Forbis
Glenn E. Forbis (P52119)
J. Bradley Luchsinger (P76115)
Jeremiah J. Foley (P85516)
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098