# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DASSAULT SYSTÉMES, S.A.
A CORPORATION OF FRANCE

       Plaintiff/Counter-Defendant,      Case No. 09-CV-10534

v.                                                  Hon. Matthew Leitman

KEITH CHILDRESS
  d/b/a PRACTICAL CATIA TRAINING

       Defendant/Counter-Plaintiff

---

# JURY VERDICT FORM

1

Please follow the directions provided throughout this form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

## I.   COPYRIGHT INFRINGEMENT

### Copyright Infringement By Use of Single Node-Lock License Key

(1) Do you find by a preponderance of evidence that Mr. Childress infringed Dassault's copyrights for the CATIA software by using his single node-lock license key on multiple computers?

YES ✓   NO ___

If you answer "YES" to question (1), then go to question (2);
If you answer "NO" to question (1), then go to question (5).

(2) Do you find by a preponderance of evidence that Mr. Childress has established one or more of the following defenses?

    a. That Mr. Childress had an express or implied license to use his single node-lock license key on multiple computers?

    YES ___   NO ✓

    b. That Mr. Childress' use of his single node-lock license key on multiple computers was a fair use of the CATIA software?

    YES ___   NO ✓

If you answered "YES" to any of the sub-parts of question (2), go to question (5);
If you answered "NO" to all subparts of question (2), then please proceed to next question.

2

(3) Do you find by a preponderance of evidence that Mr. Childress' copyright infringement was willful?

YES ✓     NO ___

(4) What amount of damages do you award Dassault, if any, for copyright infringement by use of his single node-lock license key on multiple computers?

Actual damages in the form of lost license revenue: $ 344,612.50

Award of Mr. Childress' profits: $ 0

Statutory Damages: $ 14,250.00

**Copyright Infringement By Use of Software Crack**

(5) Do you find by a preponderance of evidence that Mr. Childress infringed Dassault's copyrights for the CATIA software by using a software crack?

YES ✓     NO ___

If you answer "YES" to question (5), then please proceed to next question;
If you answer "NO" to question (5), then go to question (9).

(6) Do you find by a preponderance of evidence that Mr. Childress has established one or more of the following defenses?

  a. That Mr. Childress had an express or implied license to use a software crack to use CATIA?

  YES ___     NO ✓

  b. That Mr. Childress' use of the software crack was a fair use of the CATIA software?

  YES ___     NO ✓

If you answered "YES" to any of the sub-parts of question (6), go to question (9);

If you answered "NO" to all subparts of question (6), then please proceed to next question.

(7) Do you find by a preponderance of evidence that Mr. Childress' copyright infringement was willful?

YES ✓   NO ___

(8) What amount of damages do you award Dassault, if any, for copyright infringement by use of a software crack?

Actual damages in the form of lost license revenue: $ ∅

Award of Mr. Childress' profits: $ ∅

Statutory Damages: $ 100,000.00

**Other Copyright Defenses**

(9)   Do you find by a preponderance of the evidence that Mr. Childress has proven that Dassault's copyright infringement damages should be limited based upon the statute of limitations?

YES ___   NO ✓

(10) Do you find by a preponderance of the evidence that Mr. Childress has proven that Dassault engaged in copyright misuse?

YES ___   NO ✓

(11) If you answered "YES" to question (10), identify the time period during which you find Dassault engaged in copyright misuse _____.

**II.   TRADEMARK INFRINGEMENT**

4

(12) Do you find by a preponderance of evidence that Mr. Childress infringed Dassault's trademark rights in its CATIA mark?

YES ✓   NO ___

If you answer "YES" to question (12), then please proceed to next question;
If you answer "NO" to question (12), then go to question (19).

(13) Do you find by a preponderance of the evidence that Mr. Childress has established one or more of the following affirmative defenses:

   a. Dassault's trademark claim is barred by the doctrine of "fair use"?

   YES ✓   NO ___

   b. Dassault's trademark claim is barred by the doctrine of unclean hands?

   YES ___   NO ✓

If you answered "YES" to any of the sub-parts of question (13), then go to number (19);
If you answered "NO" to all subparts of question (13), go to the next question.

(14)   what amount do you award in damages for the time period of 2000-2006 for trademark infringement?

   $_____

(15) Do you find by a preponderance of the evidence that Mr. Childress has proven that Dassault's trademark infringement damages should be limited under the doctrine of laches?

   YES ___   NO ___

5

(16) Do you find by a preponderance of the evidence that Mr. Childress has proven that Dassault's trademark infringement damages should be limited under the doctrine of acquiescence?

YES ___    NO ___

(17) If you answered yes to Question 16, what amount do you award in damages that occurred prior to acquiescence?

$ _____

(18) Do you find by a preponderance of evidence that Mr. Childress' trademark infringement was willful?

YES ___    NO ___

### III. ABUSE OF PROCESS

(19) Do you find by a preponderance of the evidence that Dassault abused a legal process by committing an act in the course of that process that is not proper in the regular prosecution of the proceeding to achieve the ulterior purpose of coercing Mr. Childress to join the EPP?

YES ___    NO ✓

If you answered "NO" to question (19), please proceed to the end of this form and have the Foreperson sign;
If you answered "YES" to question (19), please proceed to answer the questions below.

(20) Identify each court process that you find Dassault abused:

(a) _____

(b) _____

(c) _____

(21)   Identify what act or acts taken by Dassault were improper in the use of the process or processes identified in question (20):

(a) _____

(b) _____

(c) _____

(22) What amount do you award Mr. Childress, if any, for damages caused by the abuse of process?

Mental anguish, humiliation, and embarrassment through trial: $_____

Mental anguish, humiliation, and embarrassment in the future: $_____

Economic damages incurred through trial: $_____

Economic damages in the future:  $_____

You have now reached the end of the verdict form. You should review it to ensure it accurately reflects your unanimous answers. The Jury Foreperson should sign and date the verdict form in the spaces below and notify the Court that you have reached a verdict. The Jury Foreperson should retain possession of the verdict form and bring it when the jury is called back into the courtroom.

DATED: March 26, 2024         BY:   **s/Jury Foreperson**

In compliance with the Privacy Policy adopted by the Judicial Conference, the verdict form with the original signature has been filed under seal.