UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, SA

    Plaintiff,

v.

KEITH CHILDRESS,

    Defendant.
_____/

Case No. 09-cv-10534
Hon. Matthew F. Leitman

### ORDER (1) TERMINATING DEFENDANT'S MOTIONS FOR NEW TRIAL (ECF Nos. 659, 675, 676) AS MOOT; (2) DENYING DEFENDANT'S AMENDED MOTIONS FOR NEW TRIAL (ECF No. 679, 680); (3) GRANTING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW (ECF No. 663); AND (4) DEFERRING RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES (ECF No. 674)

On November 21, 2024, the Court held a hearing on several post-trial motions that the parties filed in this case. The motions are resolved as follows:

- Defendant Keith Childress' oral motion for judgment of a matter of law (ECF No. 659) and his motions for new trial (ECF No. 675, 676) are **TERMINATED AS MOOT** because they were superseded by later, amended motions that Childress filed in this case;

- Childress' "Amended Motion for New Trial on Claim of Copyright Infringement (Presence of 'Crack' on One Computer)" (ECF No. 679)

1

is **DENIED** for the reasons explained on the record during the motion hearing;

- Childress' "Amended Motion for Judgment of a Matter of Law or New Trial (Copyright Infringement – Nodelock)" (ECF No. 680) is **DENIED** for the reasons explained on the record during the motion hearing;

- Plaintiff Dassault Systemes, S.A.'s "Motion for Judgment as a Matter of Law Against Childress' Trademark Infringement Affirmative Defenses of Fair Use, Unclean Hands, and Acquiescence" (ECF No. 663) is **GRANTED** for the reasons explained on the record during the motion hearing[1]; and

- A ruling on Dassault's "Motion for Recovery of Attorneys Fees" (ECF No. 674) is **DEFERRED** for the reasons explained on the record during the motion hearing.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2024

---

[1] On April 12, 2024, Dassault withdrew the portions of this motion directed at Childress' affirmative defenses of unclean hands and acquiescence because the jury did not find in Childress' favor on those defenses. (*See* Notice, ECF No. 670, PageID.25059.) Thus, the Court's ruling above applies only to the portion of Dassault's motion directed at Childress' fair use affirmative defense.

2

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2024, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan
                                      Case Manager
                                      (313) 234-5127