UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, SA

      Plaintiff/Counter-Defendant,          Case No. 09-cv-10534
                                                        Hon. Matthew F. Leitman

v.

KEITH CHILDRESS,

      Defendant/Counter-Plaintiff.
_____/

**ORDER SETTING SCOPE OF HEARING ON DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER DECIDING THE PARTIES' 2024 POST-TRIAL MOTIONS (ECF No. 732)**

On January 23, 2025, Defendant/Counter-Plaintiff Keith Childress filed a Motion for Reconsideration of the Order Deciding the Parties' 2024 Post-Trial Motions. (*See* Mot., ECF No. 732.)  In the motion, he argued that he is entitled to a new trial for several reasons.  The Court has carefully reviewed Childress' motion and concludes that it would benefit from **limited** oral argument on the motion.  Accordingly, the Court has directed its staff to work with Childress and counsel for Plaintiff/Counter-Defendant Dassault Systemes, SA to find a mutually-convenient time for a hearing.  The Court will conduct the hearing virtually in order to accommodate Childress, who is residing out of state.  The Court expects to limit the hearing to the issues identified below:

1

1. Was the Court's instruction to the jury on Childress' acquiescence defense to Dassault's trademark infringement claim erroneous for the reasons advanced by Childress (*see* Reply, ECF No. 734, PageID.31681-31682.) More specifically, does an acquiescence defense, if accepted by a jury, merely limit a trademark plaintiff's damages, as the Court instructed the jury and as Dassault contends? Or, does an acquiescence defense, if accepted by a jury, entirely bar a trademark infringement claim, as Childress contends?

2. If the Court's instruction on acquiescence was erroneous for the reasons advanced by Childress, does that error satisfy the plain error test for reversal? The Court expects each party to explain how, in its view, all of the relevant factors under the plain error test apply to any error the Court may have made with respect to the acquiescence instruction. The Court directs the parties to review and be prepared to discuss the following Sixth Circuit decisions involving application of the plain error test to claimed errors in jury instructions: *Eid v. St. Gobain Abrasives, Inc.*, 377 F. App'x 438 (6th Cir. 2010); *Scott v. Miller*, 361 F. App'x 650 (6th Cir. 2010); *Alsobrook v. UPS Ground Freight, Inc.*, 352 F. App'x 1 (6th Cir. 2009); and *Lee v. Metropolitan Gov't of Nashville and Davidson Cty.*, 432 F. App'x 435 (6th Cir. 2011). The parties should feel free to bring to the Court's attention during the hearing any other authority explaining or applying the plain error test in the context of claimed errors in jury instructions.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 9, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 9, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126