UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, SA

    Plaintiff/Counter-Defendant,        Case No. 09-cv-10534
                                                        Hon. Matthew F. Leitman

v.

KEITH CHILDRESS,

    Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR RECONSIDERATION (ECF No. 738)**

On January 23, 2025, Defendant/Counter-Plaintiff Keith Childress filed a Motion for Reconsideration of the Order Deciding the Parties' 2024 Post-Trial Motions (the "Reconsideration Motion"). (*See* Mot., ECF No. 732.) That Reconsideration Motion is now fully briefed. After reviewing the parties' briefs, the Court concluded that it would benefit from limited oral argument on the following two issues raised in the briefing:

    1.    Was the Court's instruction to the jury on Childress' acquiescence defense to Dassault's trademark infringement claim erroneous for the reasons advanced by Childress (*see* Reply, ECF No. 734, PageID.31681-82.) More specifically, does an acquiescence defense, if accepted by the jury, merely limit a trademark plaintiff's damages, as the Court instructed the jury and as Dassault contends? Or, does an acquiescence defense, if accepted by a jury, entirely bar a trademark infringement claim, as Childress contends?

1

   2.  If the Court's instruction on acquiescence was erroneous for the reasons advanced by Childress, does that error satisfy the plain error test for reversal?

Accordingly, on April 9, 2025, the Court issued an order limiting the scope of the Court's hearing on the Reconsideration Motion to those two issues (the "Scope of Hearing Order"). (*See* Order, ECF No. 736.)  Childress has now filed a motion for reconsideration of the Scope of Hearing Order. (*See* Mot., ECF No. 738.)  In that motion, Childress requests that the Court hold a full oral argument on the Reconsideration Motion. (*See id.*)   For the reasons explained below, the motion is **DENIED**.

  The Court has provided Childress a full and fair opportunity to present his arguments to the Court.  First, it allowed him to file an opening brief of 35 pages – 10 pages more than allowed by the Court's local rules. *See* E.D. Mich. Local Rule 7.1(d)(3)(A).  Then, the Court provided Childress 15 pages for his reply brief – more than double the number of pages allowed under the local rules. *See* E.D. Mich. Local Rule 7.1(d)(3)(B) (limiting reply briefs to 7 pages).  And, as expected, Childress thoroughly and effectively presented his positions in those briefs.

  Based in part on the substantial submissions that Childress has presented to the Court, the Court has a full understanding of all of the issues raised in the Reconsideration Motion except for the two issues identified above, and it does not believe that oral argument is necessary on any additional issues.  "The decision to

grant oral argument is within the discretion of a district court," *Mohlman v. Long Beach Mortg.*, 2013 WL 827221, at *2 (E.D. Mich., Mar. 6, 2013) (citing Fed.R.Civ.P. 78), and the Court concludes that the best exercise of that discretion is to adhere to its earlier decision to limit oral argument to the topics identified above.

For all of these reasons, Childress' motion for reconsideration (ECF No. 738) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126