UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASSAULT SYSTEMES, S.A.,

    Plaintiff,

v.

KEITH CHILDRESS,

    Defendant.

Case No. 09-cv-10534
Hon. Matthew F. Leitman

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 756) OF THE COURT'S JULY 17, 2025, ORDER (ECF No. 754)**

In this civil action, Plaintiff/Counter-Defendant Dassault Systemes, S.A. ("Dassault") alleged, among other things, that Defendant/Counter-Plaintiff Keith Childress infringed its trademark. The case was first tried to a jury in 2017. A different judge presided over that first trial. The result of the first trial was appealed to United States Court of Appeals for the Sixth Circuit, and the Sixth Circuit remanded for a new trial. This Court then presided over the second trial in March of 2024.

As relevant here, the jury in the March 2024 re-trial found that Dassault had established all of the elements of its trademark infringement claim, but the jury found in favor of Childress on his fair use defense to that claim. (*See* Verdict Form, ECF No. 667, PageID.25046-25047.) Thus, the jury denied Dassault recovery on that

1

claim. Following the re-trial, Dassault filed a motion for judgment as a matter of law in its favor on Childress' fair use defense. (*See* Mot., ECF No. 663.) The Court agreed with Dassault that the fair use defense failed as a matter of law, and it therefore granted Dassault's motion. (*See* Order, ECF No. 718.)

Childress thereafter filed a motion for reconsideration in which he argued that the Court erred when it granted Dassault's motion. (*See* Mot., ECF No. 732.) In that motion, Childress argued that Dassault had waived its challenge to his fair use defense. He asserted that the waiver occurred when Dassault failed to challenge the defense in the earlier appeal to the Sixth Circuit. (*See id.*, PageID.29341-29343.) On July 17, 2025, the Court denied Childress' motion and rejected his contention that Dassault had waived its challenge to his fair use defense. (*See* Order, ECF No. 754.) The Court explained that Dassault would have waived that challenge *if* it had failed to appeal an adverse decision issued with respect to the challenge prior to its appeal, but the Court found no waiver because there had been no such adverse decision. (*See id.*, PageID.32993-32996.)

Childress now moves the Court to reconsider its ruling that Dassault did not waive its challenge to his fair use defense. (*See* Mot., ECF No. 756.) The motion is **DENIED**. Dassault filed a response to the motion in which it explained in detail why the arguments in the motion should be rejected (*see* Resp., ECF No. 758), and the Court finds all of Dassault's arguments to be persuasive. For all of the reasons

2

given by Dassault, the Court declines to reconsider its ruling that Dassault did not waive its challenge to Childress' fair use defense.

The Court adds only a few points with respect to arguments that Childress advanced in his reply brief. (*See* Reply, ECF No. 760.) To begin, the Court disagrees with Childress' contention that the judge who presided over the first trial made a decision with respect to his fair use defense in the Opinion and Order that she issued on July 14, 2017. (*See id.*, PageID.33078-33079, citing Op. and Order, ECF No. 463.) In that Opinion and Order, the prior judge denied Dassault's renewed motion for judgment as a matter of law on its trademark infringement claim. (*See* Op. and Order, ECF No. 463.) The Opinion and Order does not contain the words "fair use," and it does not mention that Childress raised that defense.

Childress nonetheless says that that the Opinion and Order must be read as a decision on his fair use defense because Dassault addressed the defense in its motion, and one portion of one sentence in the Opinion and Order "was consistent with" the fair use defense instruction that the former presiding judge gave to the jury. (Reply, ECF No. 760, PageID.33079.) Childress highlights the following words from the Opinion and Order: "the jury could reasonably have determined that Childress used [Dassault's mark] only to the extent necessary to describe the type of training he offered…." (*Id.*, quoting Op. and Order, ECF No. 463, PageID.13187.) And he notes that the instruction given to the jury on the fair use defense at the first trial

3

contained the following words: "Childress uses [Dassault's mark] to accurately describe the nature of the services offered by Mr. Childress' business." (*Id*., quoting Fair Use Jury Instruction, ECF No. 477, PageID.15063.)

For several reasons, this overlapping language in the Opinion and Order and the fair use jury instruction does not persuade the Court that the prior judge issued a ruling with respect to Childress' fair use defense. First, it is most reasonable to conclude that if the prior judge had intended to issue a decision on the fair use defense, she would have expressly referred to that defense in the Opinion and Order and would not have tried to resolve the defense by including in her ruling a few words that happened to overlap with the fair use jury instruction. Second, the Opinion and Order specifically identifies the issue that was being decided with respect to Dassault's trademark infringement claim, and that issue was not Childress' fair use defense. Instead, the sole issue that the prior judge decided with respect to Dassault's trademark infringement claim was whether Dassault had proven a likelihood of confusion as a matter of law: "Because the evidence permitted more than one reasonable conclusion regarding whether Childress' use of the CATIA mark is likely to cause consumer confusion, Dassault's motion is **DENIED**." (Op. and Order, ECF No. 463, PageID.13177.) Third, the specific context of the language that Childress cites from the Opinion and Order makes clear that the prior judge was not addressing Childress' fair use defense. She used that language after setting forth

4

the parties' competing arguments on the question of whether Dassault had shown that Childress' use of its trademark caused a likelihood of confusion. (*See id.*, PageID.13186-13187.) Finally, while the Opinion and Order did contain a handful of words that overlapped with Childress' fair use defense, the Opinion and Order did not address the three elements of that defense that Childress had to establish in order to prevail on the defense. (*See* Fair Use Jury Instruction, ECF No. 477, PageID.15063-15064.) The absence of any discussion of those elements underscores that the prior judge was not making any ruling on the defense. For all of these reasons (and the others offered by the Court previously and by Dassault in its response to Childress' current motion), the Court concludes that the prior judge did not issue a decision on Childress' fair use defense in her Opinion and Order dated July 14, 2017.

Next, Childress' reliance on *Hill v. Homeward Residential, Inc.*, 799 F.3d 544 (6th Cir. 2015), is misplaced. The section of *Hill* that Childress cites did not address the waiver issue before the Court here. Instead, it addressed a much different set of facts and a much different procedural question. Here is what that section says:

> Hill appealed. He makes three arguments: (A) that the district court should have granted his summary-judgment motion because the record showed that Homeward used an auto-dialer to call his cellphone without his prior express consent;

\*\*\*

5

Hill's *post-trial* appeal from the district court's denial of his *pretrial* summary-judgment motion cannot succeed, because a losing party may not "appeal an order denying summary judgment after a full trial on the merits." *Ortiz v. Jordan,* 562 U.S. 180, 184 (2011); *accord Jarrett v. Epperly,* 896 F.2d 1013, 1016 (6th Cir. 1990). A district court's summary-judgment denial is "interlocutory" in nature—the antithesis of what Congress has given us jurisdiction to hear. 28 U.S.C. § 1291 (giving us jurisdiction over *final* decisions); *see Ortiz,* 562 U.S. at 188. When a court denies a summary-judgment motion because of a genuine issue of fact (as the court did here) it "decides only one thing—that the case should go to trial"; the denial "does not settle or even tentatively decide anything about the merits of the claim." *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.,* 385 U.S. 23, 25 (1966). A trial, of course, *does* settle the matter on the merits and *is* final in nature. So once a trial occurs, the losing party may appeal from *that* judgment—but not from the summary-judgment denial, because § 1291 does not give us jurisdiction to hear those non-final appeals. *See Ortiz,* 562 U.S. at 184, 188–89.

We accordingly lack appellate jurisdiction over this portion of Hill's appeal. Hill lost his summary-judgment motion in August 2014 but did not appeal it until November 2014—after he lost at trial. He does not say that the evidence produced *at trial* shows that he must win, but rather that the evidence *at summary judgment* does. Here is what he should have done: make a Rule 50(a) motion, renew that motion after the jury verdict under Rule 50(b), and then appeal the denial of the Rule 50(b) motion. *See Maxwell v. Dodd,* 662 F.3d 418, 421 (6th Cir. 2011). But here is what he did instead: make an oral Rule 50(a) motion, fail to renew that motion, and then appeal the denial of the *Rule 56 motion* rather than the Rule 50 motion. *See* R. 59 (Notice of Appeal). His "failure to renew" or appeal his "motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b)" leaves us "with no warrant" to address the

> summary-judgment denial. *Ortiz,* 562 U.S. at 185, 131 S.Ct. 884; *see Barnes v. City of Cincinnati,* 401 F.3d 729, 736 (6th Cir. 2005).

*Id.* at 549-50. This analysis sheds no meaningful light on the waiver question presented in Childress' motion.

For all of the reasons explained above, and for the reasons explained in Dassault's response to Childress' motion, Childress' motion for reconsideration (ECF No. 756) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126